## 20199

James Melvin HERRING, Respondent, v. RETAIL CREDIT CO., Appellant.

(224 S. E. (2d) 663)

456

*E. Ellison Walker, Esq.,* of *McKay, Sherrill, Walker and Townsend,* Columbia, *for Appellant,*

*Thomas C. Mann, Esq.,* of Columbia, *for Respondent,*

March 31, 1976.

GREGORY, Justice:

Appellant, Retail Credit Company, a consumer reporting agency, seeks reversal of the order of the lower court requiring it to delete from its records any reference to respondent's guilty plea to gambling conspiracy in Federal District Court and the sentence imposed and served.

Respondent. plead guilty to the charge of participating in a statewide gambling conspiracy on April 29, 1971. He was sentenced on August 20, 1971 and subsequently served time in the Federal Prison Camp in Montgomery, Alabama. All of these facts are public records in the office of the Clerk of the United States District Court at Columbia, South Carolina.

Respondent sought an *ex parte* order in the Richland County Court requiring Retail Credit Company to remove from its records this information concerning his guilty plea and sentence. On March 21, 1973 such order was issued by that court. Appellant moved to vacate the order.

At respondent's criminal trial, a question as to the propriety of a government wire tap arose as to him and his co-conspirators. This question was appealed to the United States Court of Appeals, and although Herring had been sentenced and served time for the offense, it was stipulated by the parties to the original criminal proceeding that Herring's conviction would be governed by the appeal perfected by his co-conspirators in an action entitled *United States v. Bobo, Gray, et al.,* On July 2, 1973 the Richland County Court issued an order continuing the order then in effect, pending the outcome of the appeal to the Court of Appeals.

The United States Court of Appeals for the Fourth Circuit affirmed the conviction of Bobo, Gray, *et al.,* and thereby the conviction of Herring. On July 6, 1973 Retail Credit then filed a notice of motion and petition for review to vacate the original order based on the Fourth Circuit decision. On January 9, 1975 the lower court issued an order making the March 21 order permanent, thereby requiring Retail Credit to permanently delete from its records any reference to Herring's guilty plea on the conspiracy charge or to the fact that he served time in a federal prison.

In the January 9, 1975 order the court noted that "this type of information should not be made available either to

the public or the people with whom the respondent does business, since it prejudices the rights of the respondent in securing employment and insurance." The lower court judge also believed that engaging in a conspiracy to violate the federal gambling law was not of sufficient importance to warrant Retail Credit carrying the information in their files.

The first question presented is whether the order of the lower court sweeps too broadly and is violative of 15 U. S. C. A. § 1681 of the Fair Credit Reporting Act and of public policy.

Section 1681c(a) provides that:

"no consumer reporting agency may make any consumer report containing any of the following items of information:

(5) Records of arrest, indictment, or conviction of crime which from date of disposition, release, or parole, antedate the report by more than seven years."

Subsection (b) provides that this restriction does not apply to consumer credit reports used in connection with a credit transaction involving Fifty Thousand ($50,000.00) Dollars or more, life insurance underwriting which may involve Fifty Thousand ($50,000.00) Dollars or more, or employment at an annual salary which may reasonably be expected to equal Twenty Thousand ($20,000.00) Dollars or more.

It is clear that the above sections of the Fair Credit Reporting Act contemplate and implicitly permit the reporting of records of arrest, indictments, and conviction in consumer credit reports. In the instant case, there is no dispute as to the accuracy of the information which appellant desires to keep on file, nor is there an issue with respect to the criminal records being reported in violation of the seven year statute of limitations imposed in the act. The order, therefore, violates § 1681c(a). It is also violative of § 1681c(b) as it requires appellant to delete any

reference of respondent's crime from its records and, thus, those extending credit or underwriting life insurance involving Fifty Thousand ($50,000.00) Dollars or more, or employment involving a salary of Twenty Thousand ($20,000-.00) Dollars or more are denied full disclosure implicitly permitted by Subsection (b).

We further find that the lower court's order requiring appellant's credit reporting agency to delete any references to respondent's guilty plea or prison term in violation of public policy.

As stated in the congressional statement of purpose and findings, 15 U. S. C. A. § 1681, consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. In its enactment of the Fair Credit Reporting Act, 15 U. S. C. A. 1681 *et seq.,* Congress recognized the need for quick access to information relevant to a determination of extending credit, employment, insurance or relevant to other legitimate business needs in transactions with consumers and implicitly gave its stamp of approval to the function of the consumer credit reporting agency.

It is obvious that one's criminal record is pertinent in a number of consumer credit and insurance transactions and especially important in the employment area. To order deletion of a guilty plea to federal gambling conspiracy on the grounds that it is not important, does not involve moral turpitude, and prejudices one in obtaining employment or insurance is to supply one's own personal judgment in the place of those who must bear the total risk of that decision. The act contemplates that some consumer reports will be adverse. The thrust of the act is to insure accuracy and there is no dispute here that the records at issue are accurate.

In *Fite v. Retail Credit Co.,* D. C. Mont., 386 F. Supp. 1045 (1975) a young man sought a similar injunction against a credit reporting agency maintaining records of

his arrest and conviction. In *Fite* the conviction had been set aside but, nevertheless, Mr. Fite lost his job as an insurance salesman as a result of a credit report requested by his employer which fairly reported his arrest, sentence, and the fact the conviction had been set aside. In granting summary judgment in favor of Retail Credit Co., the United States District Court gave as one of its reasons, the following pertinent explanation:

"Court proceedings are public events and the public has a legitimate interest in knowing the facts in them. Traditionally court records have been public records, generally open for public inspection. Fair reports of what is shown on public records may be circulated freely and without liability. In the field of criminal law records of indictments, arrests, and arraignments are constantly reported without liability, and this even though any particular case may be later dismissed or a judgment of acquittal entered. *Piracci v. Hearst Corp.*, 263 F. Supp. 511 (D. Md. 1966), aff'd 371 F. (2d) 1016 (4th Cir. 1967). Certainly there is no general public policy which prevents disclosure of the record of arrests, indictments, or convictions. *Fite, supra,* at 1046."

We hold that inclusion and reporting such information of public record by a consumer credit reporting agency to those with legitimate business needs for a consumer credit report for a period of not more than seven years, with the exceptions of those instances mentioned in 15 U. S. C. A. § 1681c, subsection (b) is not an invasion of privacy, as respondent contends, nor is it against public policy.

Appellant's next assignment of error is the lower court's error in requiring them to delete the information at issue by an *ex parte* order, without allowing them to be heard. No responsive pleadings were filed. There is no record of a full hearing on the merits. The *ex parte* order was improvidently granted.

Canon 3A.(4) of the Code of Judicial Conduct requires a judge "to accord every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to the law. . . ." Supreme Court Rule 33. Ethical Consideration E.C. 7-110 under Canon 7 of the Code of Professional Responsibility provides that "generally in adversary proceedings a lawyer should not communicate with a judge relative to a matter pending before, or which is to be brought before, a tribunal over which he persides in circumstances which might have the effect or give the appearance of granting undue advantage to one party." Supreme Court Rule 32.

We take this opportunity to advise the Bench and Bar of the disfavor with which we regard *ex parte* orders and the stringent standards of necessity we demand of their issuance on review. Not only do such orders deprive this Court of adequate records on appeal but they deny to those deprived an opportunity to be heard in matters which affect them. In an adversary system, *ex parte* orders are reserved for those rare instances where there is no adverse interest or where exigent circumstancs clearly require that action be taken before there is time for a full hearing. In the latter instance a full hearing shall take place as soon as possible. Retail Credit Company had an adverse interest in contesting respondent's request. There is no showing of exigent circumstances upon the record requiring the issuance of an *ex parte* order.

For the foregoing reasons, the order of the lower court is Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.