23832

Paul W. BURGESS, Appellant v. Daniel STERN and John J. Dempster, d/b/a Daniel Stern & Associates, Respondents, and SEA PINES REALTY CO., Respondent v. Paul W. BURGESS, Appellant v. Frank H. CLABAUGH, Respondent.

(428 S.E. (201) 880)

Supreme Court

*A. Camden Lewis* and *Mark W. Hardee, Lewis, Babcock, & Hawkins,* Columbia, *for appellant.*

*Morris D. Rosen, Rosen, Rosen & Hagood,* Charleston, *for respondents Daniel Stern* and *John J. Dempster.*

*Russell P. Patterson, Jones, Scheider & Patterson,* Hilton Head, *for respondent Sea Pines Realty Co.*

*Susan Taylor Wall, Holmes and Thomson,* Charleston, *for respondent Frank H. Clabaugh.*

Heard June 4, 1993; Decided April 5, 1993.

Reh. Den. May 5, 1993.

FINNEY, Justice:

These cases arise from the same facts and involve Appellant Paul W. Burgess' appeal of the trial judge's order denying appellant's motions for the trial judge to 1) recuse himself, 2) vacate his prior orders, and 3) re-open the case, or 4) grant a new trial as a result of ex parte communications between the trial judge and counsel for Respondents Daniel Stern and

John J. Dempster, d/b/a Daniel Stern & Associates. We affirm.

The initial action commenced on April 6, 1989 when, for the stated purpose of enforcing an alleged contract of purchase and sale, the appellant filed and had published a notice of lis pendens against real estate owned by the respondents. By complaint dated April 26, 1989, the appellant brought suit against the respondents seeking specific performance on the alleged contract. Respondents answered by qualified general denial and counterclaimed asserting the Statute of Frauds, Slander of Title, and Tortious Interference with a Contract; sought dismissal of appellant's action; discharge of the lis pendens, requested actual and punitive damages, and demanded a jury trial.

The matter was tried March 1-2, 1990, by Special Circuit Court Judge Thomas Kemmerlin, Jr. On August 13, 1990, Judge Kemmerlin issued an order holding that no contract existed between the appellant and respondents. The judge awarded special damages, attorney fees and costs to the respondents based upon a finding against the appellant of slander of title and tortious interference with a contract for the sale of the subject real estate between the respondents and a third party, Richard A. English; except that attorney's fees and costs were not awarded for tortious interference with a contract. Based upon English's testimony that he still intended to consummate the sale, the court awarded only interest on the purchase price on the contract between the respondents and English. The order provided that, should English not close the sale within sixty days of the order, the case could be re-opened to determine damages arising therefrom. Judge Kemmerlin stayed appeal rights of the parties pending entry of a final order and judgment after a hearing on August 20, 1990, to determine the amount of attorneys' fees, costs, and punitive damages to be assessed against the appellant.

The hearing set for August 20, 1990, was subsequently rescheduled for August 27, 1990. That hearing was canceled as the result of a stipulation dated August 24, 1990, and filed August 27, 1990, in which the parties, without appellant waiving his right to appeal, stipulated to fees and costs. Judge Kemmerlin's order awarding the respondents attorney's fees, costs, and $100 in punitive damages was issued August 28, 1990. On November 12, 1990, the judge denied appellant's mo-

tion for reconsideration of the August 13, 1990, order.

On November 13, 1990, respondents moved to re-open the damage aspect of the case based upon English's withdrawal of his offer to purchase the subject lot and a refund of his earnest deposit. The motion was granted January 11, 1991.

On December 11, 1990, the court granted the motion of Attorney Frank H. Clabaugh to withdraw from representation of the appellant.

The second action was instituted against the appellant by Sea Pines Realty Co., listing agent for the respondents, by complaint dated December 20, 1990, alleging the wrongful procurement of a breach of the listing agreement between it and the respondents as well as a breach of the contract of sale between English and the respondents. The appellant asserted a qualified denial in his answer dated February 7, 1991.

On February 8, 1991, the appellant moved to re-open the case, vacate the orders, and for a new trial, contending he had been prejudiced and denied due process of law by virtue of extensive improper ex parte contacts between Judge Kemmerlin and Barry L. Johnson, P.A., counsel for the respondents, relating to preparation of the August 13, 1990, order. The motion cited ex parte contacts beginning in March of 1990 with a conference and telephone call between respondents' counsel and the judge in which counsel learned that the judge was going to rule in favor of the respondents, and at least one ex parte conference in May of 1990 to discuss the proposed order. The appellant alleged that after drafting portions of the proposed order, respondents' counsel conferred by telephone with Respondent Stern in June of 1990 and thereafter, re-drafted part of the order prior to forwarding the finalized version to Judge Kemmerlin. The appellant contended respondents' counsel subsequently traveled to Beaufort and conferred ex parte with Judge Kemmerlin about the order and that an additional ex parte conference occurred in July of 1990.

The appellant also filed motion on February 8, 1991, to disqualify Judge Kemmerlin and Barry L. Johnson, counsel for the respondents, upon the grounds of ex parte communications between Judge Kemmerlin and Johnson, Johnson's usurpation of judicial functions, and the fact that Johnson's representation posed a conflict. Grounds cited for the conflict

were that appellant's initial counsel had been replaced by William Clark of the firm of Biel and Clark; Clark had gained substantial confidential information about the case and appeared on behalf of the appellant at a hearing in this matter on January 11, 1991; several days thereafter, Johnson joined the firm of Biel and Clark. Clark then ceased to represent the appellant, but Johnson continued as respondents' counsel.

The third action was brought by appellant's complaint of February 18, 1991, against Frank H. Clabaugh, his prior counsel, alleging liability for indemnification and legal malpractice. The appellant sought damages for Clabaugh's alleged breach of duty and negligence in the representation provided appellant in the transaction with the respondents and the ensuing litigation. On March 15, 1991, Clabaugh moved to dismiss appellant's action.

On May 7, 1991, Sea Pines filed a motion to stay its action until resolution of three motions pending in the related cases.

On May 10, 1991, appellant moved to have Judge Kemmerlin disqualify himself in the Sea Pines suit on the grounds of the ex parte communication in the primary case.

On September 5, 1991, Judge Kemmerlin issued an order in which he addressed the motion to re-open the case, vacate the previous orders and grant a new trial; to recuse himself; disqualify Johnson as counsel for respondents; and Sea Pines' motion to stay the proceedings. Judge Kemmerlin admitted having ex parte communications with respondents' counsel concerning drafting of the August 13, 1990, order but stressed the fact that all factual determination and decisions on the law were made by the court, and declined to recuse himself. The judge refused to vacate the prior orders, denied a new trial, ruled that the motion to disqualify Johnson was moot since Johnson was no longer participating in the case and held that, in effect, the proceedings were stayed during pendency of the motions before the court. The judge set a hearing for September 23, 1991, to consider the remaining motions pending. A supplemental order was issued September 9, 1991, in which the court dismissed as premature the third-party complaint against Clabaugh without prejudice to the right to restore.

On appeal, the appellant asserts that, based on the trial court's error in conducting ex parte communications with opposing counsel, 1) appellant was denied a fair and impartial

trial; 2) Judge Kemmerlin erred in refusing to recuse himself from further motions; and 3) all orders rendered after ex parte contacts should be vacated.

South Carolina case law and rule-making authorities are well synchronized on the prohibition against ex parte contacts.[1] *In Herring v. Retail Credit Co.*, 266 S.C. 455, 224 S.E. (2d) 663 (1976), the judicial practice of merely signing an order prepared by counsel of one party was condemned. This Court advised the Bench and the Bar that not only do such orders deprive the reviewing Court of adequate records on appeal, but also deny to the deprived party an opportunity to be heard in matters which affect them. *Id. Aiken County v. BSP Div. of Envirotech Corp.*, 866 F. (2d) 661 (4th Cir. 1989), evinces the Fourth Circuit Court of Appeals' disapproval of ex parte contacts of this type, despite its observation that under an objective view of all the circumstances, it could not be believed that the trial judge in that case was partial.

Canon 3(A)(4), rule 501, Code of Judicial Conduct, SCACR, states: "A judge should . . ., except as authorized by law, neither initiate or consider ex parte or other communications concerning a pending of impending matter." While Canon 3(A)(4) guards against ex parte indiscretion, it also strives to eliminate the appearance of impropriety. This issue was discussed succinctly in the case of *In re: Wisconsin Steel*, 48 B.R. 753 (D. Ill. 1985). The Court in *Wisconsin Steel* noted:

> It is rarely possible to prove to the satisfaction of the party excluded from the communication that nothing prejudicial occurred. The protestations of the participants that the communication was entirely innocent may be true, but they have no way of showing it except by their own self-serving declaration. This is why the prohibition

---

[1] *See Propriety of a judge requesting one counsel to draft the required order in a particular case; propriety of a judge discussing the order to be drafted with one counsel outside the presence of opposing counsel,* Opin. No. 2-1988, Advisory Committee on Standards of Judicial Conduct (Filed January 4, 1988); Rule 34(1)(b)(2), Code of Judicial Conduct, S.Ct., Ct. App. Rule on Judicial Discipline and Standards (now Rule 501, Canon 2(A), Canon 3A(4), Code of Judicial Conduct, SCACR); *Aiken County v. BSP Div. of Envirotech Corp.,* 866 F. (2d) 661, *reh'g denied* (4th Cir.1989); *Herring v. Retail Credit Co.,* 266 S.C. 455, 224 S.E. (2d) 663 (1976); *Reading v. Ball,* 291 S.C. 492, 354 S.E. (2d) 397 (Ct. App. 1987).

is not against "prejudicial" ex parte communications, but against ex parte communications.

Judge Kemmerlin was candid in his admission to ex parte contacts with respondents' counsel concerning preparation of the order owing to his ignorance that such was prohibited. We are cognizant of the extensive deliberation accorded the issues by the trial court. This court takes note of the existence of evidence supporting the finding that no contract existed between the appellant and the respondents. Further, respondents' nominal recovery for punitive damages and the fact that the amount of attorney's fees and costs were arrived at by stipulation confirms the validity of the judgment in this case. Respondents' counsel avers furnishing Judge Kemmerlin a copy of a "Maryland Case" relating to punitive damages and/or attorneys fees. On the grounds that he had no independent recollection of receiving it, Judge Kemmerlin disavows any impact of the "Maryland Case" on his decision. Impliedly, the trial court's rulings are buttressed by the fact that, prior to a final resolution of this case by appeal, the appellant's complaint seeking judgment against his counsel asserts that the actions giving rise to respondents' judgment resulted from a breach of duty, negligence, and malpractice on the part of Attorney Clabaugh.

An objective view of the record and circumstances surrounding the convoluted proceedings in this case leads to the conclusion that Judge Kemmerlin's order of August 13, 1990, and the ensuing orders are supported by the evidence, and we conclude that no prejudice resulted from the ex parte contacts. While this Court explicitly condemns ex parte communications, we do not adopt, per se, the view that all orders consequentially emanating therefrom in part or in whole are rendered invalid. Under the facts and circumstances existing here and absent a finding of partiality or prejudice in this record, we decline to vacate the orders of the trial court, or to find that recusal of the trial judge was mandated by ex parte communications with defense counsel.

Notwithstanding our ruling in this case, the Bench and Bar are cautioned to strictly observe the Canons governing judicial and attorney conduct with regard to ex parte contacts as they relate to maintaining the appearance of propriety and to

comply with both the letter and the spirit of Opinion No. 2-1988 of the Advisory Committee on Standards of Judicial Conduct.

We affirm the judgment and rulings of the trial court in this case.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, J.J., concur.