23896

Robin ELLIS and Robin Ellis Productions, Ltd., a Corporation, Appellants v. The PROCTOR AND GAMBLE DISTRIBUTION COMPANY, Respondent.

(433 S.E. (2d) 856)

Supreme Court

*Robin Ellis, pro se.*

*Edward W. Mullins, Jr., Christopher J Daniels,* and *C.*

*Mitchell Brown,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard May 3, 1993; July 12, 1993.

Reh. Den. Aug. 17, 1993.

MOORE, Justice:

Appellants (Ellis) appeal on the ground the trial judge improperly failed to disqualify himself in this breach of contract action. We reverse and remand for a new trial on the counterclaim.

## FACTS

Ellis commenced this action for breach of contract alleging respondent (P & G) had failed to compensate him for services rendered regarding a promotional concert tour. P & G then counterclaimed alleging Ellis has failed to perform on a separate agreement to produce a series of promotional soccer games, the "Clasico Soccer Series."

After the trial of the case, the trial judge announced he would take the matter under advisement and did not wish briefs submitted. Counsel for P & G subsequently submitted an eight-page memorandum to the trial judge. Counsel did not send a copy to Ellis or Ellis's counsel.

After this appeal was filed, Ellis discovered the ex parte memorandum. Upon motion, this Court remanded the case to the trial judge for factual findings regarding the effect of the ex parte communication. The trial judge found the ex parte memorandum "if consulted at all, had no bearing on the trial court's decision."

## ISSUE

Whether there is any evidence of judicial prejudice to mandate reversal in this case.

## DISCUSSION

In *Burgess v. Stern,* — S.C. —, 428 S.E. (2d) 880 (1993) this Court recently reiterated the prohibition against ex parte communications under Canon 3(A)(4) of the Code of Judicial Conduct, Rule 501, SCACR. *See also Herring v. Retail Credit Co.,* 266 S.C. 455, 224 S.E. (2d) 663 (1976).

Under Canon 3(C), a judge should disqualify himself if his impartiality might reasonably be questioned. In cases involving a violation of Canon 3, this Court will affirm a trial judge's failure to disqualify himself only if there is no evidence of judicial prejudice. *Rogers v. Wilkins*, 275 S.C. 28, 267 S.E. (2d) 86 (1980); *see also Reading v. Ball*, 291 S.C. 492, 354 S.E. (2d) 397 (Ct. App. 1987); *Payne v. Holiday Towers, Inc.*, 283 S.C. 210, 321 S.E. (2d) 179 (Ct. App. 1984); *Lyvers v. Lyvers*, 280 S.C. 361, 312 S.E. (2d) 724 (Ct. App. 1984).

In the case at hand, the record does not support the trial judge's factual finding on the merits of the counterclaim that Ellis failed to account for $40,000 in funds forwarded to him by P & G in connection with the Clasico Soccer Series and that he was liable for this amount. While we accord great weight to the trial judge's assurance of his own impartiality, we find a judge's impartiality might reasonably be questioned when his factual findings are not supported by the record. Accordingly, we find evidence of judicial prejudice in this case. *Cf. Burgess v. Stern, supra* (no evidence of judicial prejudice where factual findings supported by record). We therefore reverse and remand for a new trial on the counterclaim.

Reversed and remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.