24222

Thomas G. BOTCHIE, Appellant v. Michael O'DOWD, the sheriff of Charleston County, and the Retirement Division of the State of South Carolina Budget and Control Board, Respondents.

(456 S.E. (2d) 403)

Supreme Court

*Gregg Meyers,* of *Wise & Cole, P.A.,* and *N. Steven Steinert,* Charleston, *for appellant.*

*Thomas S. Tisdale, Stephen P. Groves, Stephen L. Brown* and *Elizabeth Barone Luzuriaga,* all of *Young, Clement, Rivers & Tisdale,* Charleston, *for respondents.*

Heard Feb. 7, 1995

Decided Apr. 3, 1995; Reh. Den. Apr. 19, 1995.

CHANDLER, Acting Associate Justice:

This is the third appeal of *Botchie v. O'Dowd.*[1]

In this appeal, the trial judge granted O'Dowd's motion for directed verdict in Botchie's cause of action for alleged wrongful discharge in violation of his Constitutional right of free speech.[2] We affirm.

## FACTS

Reference is had to *Botchie II,* in which the essential facts are identical to those in the record before us in this appeal.

## ISSUE

The sole issue here is whether the Circuit Court erred in granting O'Dowd's motion for directed verdict.

## SCOPE OF REVIEW

"On review of an order granting a directed verdict, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the party against whom the verdict was directed. A jury issue exists where the evidence is susceptible of more than one reasonable inference." *Jones v. Ridgely Communications, Inc.,* 304 S.C. 452, 454, 405 S.E. (2d) 402 (1991).

---

[1] *Botchie v. O'Dowd,* 299 S.C. 329, 384 S.E. (2d) 727 (1989) (*Botchie I*); *Botchie v. O'Dowd,* — S.C. —, 432 S.E. (2d) 458 (1993) (*Botchie II*).

[2] U.S. Const. amend. 1; S.C. Const. art. 1 § 2.

## DISCUSSION

Three tests have been adopted by federal decisions for determining whether the discharge of a public employee for speech activity violates the First Amendment. Initially, the trial court must apply the two-prong balancing test enunciated in the seminal case of *Connick v. Myers.*[3] The first prong of the *Connick* test requires a finding by the court that the employee's speech activity implicates a matter of public concern.[4] If such a finding be reached, the second prong is invoked and requires that the court balance the government's countervailing interest in fulfilling its responsibility effectively and efficiently. After applying the *Connick* test, if it be determined that the employee's First Amendment right to free speech is outweighed by the governmental interest, the governmental interest prevails, prong two is satisfied, and the analysis concludes. However, if it be determined that the employee's right to free speech outweighs the governmental interest, an issue of fact for the jury is thereby created. In such event, the burden is then upon the employee to establish that the protected speech was a substantial or motivating factor in the discharge. The employer may show by a preponderance of the evidence that the employee would have been terminated irrespective of the protected activity. *See Waters v. Churchill,* — U.S. —, 114 S.Ct. 1878, 128 L.Ed. (2d) 686 (1994); *Connick v. Myers, supra; O'Connor v. Steeves,* 994 F. (2d) 905 (1st Cir. 1993) *cert. denied sub nom, Town of Nahant, Massachusetts v. O'Connor,* — U.S. —, 114 S.Ct. 634, 126 L.Ed (2d) 593 (1993).

When applying the *Connick* test the trial court must determine from the employer's conduct whether he acted in good faith upon the facts as they were reasonably found to be. *Waters v. Churchill,* — U.S. at —, 114 S.Ct. at 1889. A great deference to the employer's judgment is allowed when close working relationships are essential to fulfilling public responsibilities. *Connick v. Myers,* 461 U.S. at 150, 103 S.Ct. at 1691-92. Further, the character of the employment relationship should be considered; and free speech rights of employees in police departments should be evaluated in a

---

[3] 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed (2d) 708 (1983).
[4] In *Botchie II* we determined that prong one was satisfied.

more limited context. *Jurgensen v. Fairfax County, Virginia*, 745 F. (2d) 868, 880 (4th Cir. 1984) (Police departments are "para-military organizations" and the free speech rights of employees in police departments must be evaluated with the special character of the organization in mind).

In *Botchie II*, we specifically remanded this matter for a determination by the trial court as to whether Botchie's speech caused *some* disruption or indicated disloyalty detrimentally affecting the operation of the Sheriff's department. At trial O'Dowd presented evidence verifying that he reasonably believed Botchie had uttered disloyal comments undermining his standing with the public and damaging his ability to operate the Sheriff's Department. Speech should not be considered in a vacuum, since the manner, time and place of the expression are relevant, as is the context in which the dispute arose. *Connick v. Myers*, 461 U.S. at 152-54, 103 S.Ct. at 1693. We find that the trial judge properly considered all the evidence surrounding Botchie's discharge in ascertaining whether O'Dowd acted in good faith upon a reasonable belief that Botchie's speech demonstrated disloyalty or created disruption to the Sheriff's Department.

We agree with the trial court's conclusion that Botchie's free speech rights were outweighed by O'Dowd's interest in effectively managing the Sheriff's Department. Since the second prong of the *Connick* test was satisfied, no issue of fact for the jury was created and directed verdict was properly granted.

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.