489 S.E.2d 191

**Barbara J.K. FELDER, Respondent,**

v.

**CHARLESTON COUNTY SCHOOL DISTRICT, Appellant.**

No. 24642.

Supreme Court of South Carolina.

Heard Jan. 22, 1997.
Decided June 30, 1997.
Rehearing Denied July 25, 1997.

Robert N. Rosen and Donald B. Clark, both of Rosen, Rosen & Hagood, Charleston, for appellant.

Helen Nelson Grant, of Gergel, Bernette, Nickels, Grant & Leclare, Columbia, for respondent.

MOORE, Justice.

This appeal is from an order of the circuit court reversing respondent Felder's termination from her employment as a high school teacher.  We reverse.

## FACTS

Felder was terminated from her teaching job at Baptist Hill High School [1] for her conduct during an unauthorized student protest regarding the demotion of the assistant principal, Mr. Brown.  Felder appealed her termination to the local school board of trustees, which affirmed, and then to the Charleston County School District Board of School Trustees (Board). The Board found Felder's conduct was unprofessional, evidenced an unfitness for teaching, and substantially interfered with the performance of her duty, and that Felder made a false statement to her superior.  The Board affirmed Felder's termination on these grounds.[2]

On appeal to the circuit court, Felder contended (1) her termination was unlawful because it was in retaliation for her exercise of her First Amendment right to free speech and (2) her right to procedural due process was violated.  The circuit court ruled in Felder's favor on both grounds, reversed the termination, and ordered reinstatement with back pay.  Appellant Charleston County School District (District) appeals.

## ISSUES

1. Did the circuit court err in reversing because there is substantial evidence to support the Board's decision?

---

**1.**  She was a teacher at the same school for twenty-six years.

**2.**  The Board also found Felder violated S.C.Code Ann. § 16–17–510 (Supp.1995) which provides it is a misdemeanor "for a person to encourage, entice, or conspire to encourage or entice a child enrolled in the public elementary or secondary schools of this State from attendance...."  This finding, however is not supported by a conviction based on proof beyond a reasonable doubt and we do not rely on it here.

2. Were Felder's procedural due process rights violated?

## DISCUSSION

### I.

The First Amendment protects government employees from termination because of their speech on matters of public concern. *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). To prevail, the employee must prove (1) that the conduct at issue was constitutionally protected and (2) that it was a substantial or motivating factor in the termination. If the employee meets that burden, the government entity can escape liability by showing it would have taken the same action even in the absence of the protected conduct. *Board of County Comm'rs v. Umbehr,* —— U.S. ——, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996); *see also Botchie v. O'Dowd,* 318 S.C. 130, 456 S.E.2d 403 (1995).

Here, Felder does not contend that her conduct during the protest was protected speech. The alleged protected speech occurred two days before the student protest when Felder appeared at a community meeting with the local school board and voiced her objection to Mr. Brown's demotion. Carlretta Wright, the area superintendent who terminated Felder, testified that although she did not terminate Felder in retaliation for this speech, she did consider it in making her decision. Assuming Wright's admission is sufficient to show Felder's protected speech was a motivating factor in the termination, District is still entitled to terminate her if it can show it would have taken the same action absent Felder's protected speech. *Umbehr, supra.*

Felder testified the following incident took place shortly after she arrived at school on the day of the student protest:

> I went into my classroom and decided to make my coffee at that time. Either when I got into the classroom or shortly after I got into the classroom, DeWayne Michael Green and Ernest Washington, two students in my first period class, were there in the classroom. At first I thought they were just talking as boys will get together and talk so I proceeded to my office [adjoining the classroom] to put the coffee on and sat at my desk.

They continued their conversation. It got loud for a while there. And after listening to it for about I guess five to ten minutes I got up and I went to the classroom.... And I said to these fellows, I said, listen, fellows, you-all need to cut this noise out. You have the right to either attend class or you have—and you have the right to go outside and protest as granted by the constitution.

The trial judge found Felder's statement to the students regarding their "rights" was not an enticement or encouragement to them to participate in the protest. He concluded District failed to show it had valid grounds to terminate Felder absent her exercise of free speech two days before the protest occurred. We disagree.

■  First, it is important to note the standard of review applicable to the circuit court in this case. Judicial review of a school board decision terminating a teacher is limited to a determination whether it is supported by substantial evidence. The court cannot substitute its judgment for that of the school board. *Kizer v. Dorchester County Voc. Educ. Bd. of Trustees*, 287 S.C. 545, 340 S.E.2d 144 (1986); *Laws v. Richland County School Dist. No. 1*, 270 S.C. 492, 243 S.E.2d 192 (1978).

In this case, the circuit court totally discounted testimony by Major Kirby of the Sheriffs Department regarding Felder's conduct when Felder went outside to help monitor the protest as directed by the principal. Kirby testified that while the principal was addressing the crowd and telling the students to return to class, Kirby heard Felder talking to the students saying "they had a right not to attend class, not to go back to class, that there was power in numbers and if they stayed out they couldn't suspend them all." Kirby was standing right next to Felder and clearly heard what she said.

■  The circuit court refused to credit this testimony because there was no corroborating testimony and Felder denied it was true. In so ruling, the circuit court exceeded the scope of judicial review in this case. Kirby's testimony regarding Felder's insubordination is substantial evidence to support the Board's determination that Felder's conduct evidenced unfitness to teach, substantially interfered with the performance of her duty, and constituted unprofessional conduct. It also supports the Board's finding that Felder made a false state-

ment to her superior since Felder told Superintendent Wright that she did not encourage the students to protest.

In conclusion, the circuit court erred in reversing the Board's decision to terminate Felder since this determination was supported by substantial evidence in the record.

## II.

The circuit court found Felder's procedural due process rights were violated because the County Superintendent, Dr. LeBoeuf, is not a board member and he "participated" in the Board's decision to affirm Felder's termination. The circuit court concluded Felder was deprived of an impartial hearing.

Dr. LeBoeuf is Superintendent Wright's supervisor and, as such, he received her investigative report regarding the student protest. Dr. LeBoeuf was at the hearing before the Board, although he did not testify, and he retired with them in executive session while they discussed their decision. The Board assured counsel that no additional information would be taken from Dr. LeBoeuf but that he would "participate" in his typical role as executive secretary to the Board. The final vote of the Board members was taken on the record but the discussions in executive session were not recorded.

Substantial prejudice is required to establish a violation of due process. *Tall Tower, Inc. v. S.C. Procurement Review Panel,* 294 S.C. 225, 363 S.E.2d 683 (1987). Further, school board members are clothed with a presumption of honesty and integrity in the discharge of their decision-making responsibilities. *Kizer, supra.* In order to disqualify a hearing tribunal, actual bias rather than a mere potential for bias must be shown. *Id.*

In the analogous situation where a judge's impartiality is challenged because of an ex parte communication, reversal is mandated only where there is evidence of judicial prejudice. *Ellis v. Procter and Gamble Distrib. Co.,* 315 S.C. 283, 433 S.E.2d 856 (1993); *Burgess v. Stern,* 311 S.C. 326, 428 S.E.2d 880 (1993). We have found no judicial prejudice where the trial judge's factual findings on the merits of the case before him were supported by the record. *Burgess v. Stern, supra.* Similarly, in this case, the Board's decision is sup-

ported by the record and there is no evidence demonstrating actual bias. Accordingly, we hold the circuit court erred in reversing the decision of the Board on the ground Felder was deprived of an impartial hearing.

## *CONCLUSION*

The order of the circuit court is reversed and the Board's order terminating Felder is reinstated.

**REVERSED.**

WALLER and BURNETT, JJ., concur.

FINNEY, C.J., and TOAL, J., dissent in separate opinion.

TOAL, Justice:

I respectfully dissent from the majority's conclusion because I believe Barbara Felder, a teacher of more than twenty-six years, was deprived of her procedural due process rights.

Rodney LeBoeuf, Superintendent of the Charleston County School District, was significantly involved in the events leading up to Felder's termination. He had been present on the school campus the day of the student protest, the incident which eventually led to Felder's termination. LeBoeuf, along with the area superintendent, made the decision to cancel school as a result of the student protest. When parents reported that teachers had been involved in the incident, the matter was referred to LeBoeuf. An investigation was conducted, and a report was prepared for LeBoeuf. The decision to terminate Felder was reached after the area superintendent discussed the matter with LeBoeuf. Thus, LeBoeuf was intimately involved throughout the process of Felder's termination.

On September 29, 1994, the Charleston County School District Board of Trustees held a hearing to consider the termination of Felder. Toward the conclusion of the hearing, Felder noticed that LeBoeuf was retiring with the Board for its deliberations. Felder objected to LeBoeuf's participation in the deliberative process. This objection was overruled. I find that this action violated Felder's due process rights.

The Fourteenth Amendment requires procedural due process be afforded an individual deprived of a property or liberty interest by the State. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A fair trial in a fair tribunal is a basic requirement of due process. *Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). Where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Felder was entitled to a hearing before a dispassionate Board. This was compromised when the Board allowed one of the major actors in Felder's termination process to participate in its deliberations. She was denied the right to hear any evidence that may have been presented against her, to cross-examine LeBoeuf, or to present any defenses on her behalf. As this Court has observed,

> It is rarely possible to prove to the satisfaction of the party excluded from the communication that nothing prejudicial occurred. The protestations of the participants that the communication was entirely innocent may be true, but they have no way of showing it except by their own self-serving declaration. This is why the prohibition is not against "prejudicial" ex parte communications, but against ex parte communications.

*Burgess v. Stern,* 311 S.C. 326, 330–31, 428 S.E.2d 880, 883 (1993)(quoting *In re Wisconsin Steel,* 48 B.R. 753 (N.D.Ill. 1985)), *cert. denied,* 510 U.S. 865, 114 S.Ct. 186, 126 L.Ed.2d 145 (1993).

Because Felder's due process rights were violated, I must dissent from the majority's holding.