THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mable Canty,       
Respondent,
 
 
 

v.

 
 
 
Richland County School District Two,       
Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-522
Heard June 12, 2003  Filed September 
 2, 2003

AFFIRMED 

 
 
 
W. Allen Nickles, III, Carl L. Solomon and Dona Guffey, all 
 of Columbia, for Appellant.
Kenneth L. Childs, Kathryn Long Mahoney and Vernie Williams, 
 all of Columbia, for Respondent.
 
 
 

 PER CURIAM:  The Richland 
 County School District Number Two Board of Trustees (the Board) terminated 
 Mable Cantys teaching contract pursuant to South Carolina Code Annotated sections 
 59-25-430 and -440 (1990).  Canty appealed the Boards decision to the circuit 
 court.  The circuit court affirmed the decision of the Board, ruling evidence 
 existed within the record to support the Boards findings.  Canty appeals, arguing 
 the circuit court erred in affirming the decision of the Board because:  1) 
 the Board incorrectly admitted evidence of Cantys prior bad acts; 2) sufficient 
 evidence did not exist within the record to support the Boards decision; 3) 
 her termination violated the notification requirements of section 59-25-430 
 and -440, and thus, violated her due process rights; and 4) her termination 
 violated the equal protection clauses of the United States and South Carolina 
 constitutions.  We affirm.
FACTUAL/PROCEDURAL POSTURE
Mable Canty was a teacher at Dent Middle School 
 in Richland County School District Number Two (the District).  On February 
 21, 2001, a student in her classroom (Student A) left his chair to discard 
 a used tissue.  In response, Canty struck her fist on an overhead projector, 
 breaking the glass.  
Subsequently, Stephen W. Hefner, the superintendent 
 for the District, recommended that the Board terminate Cantys employment.  
 After holding a full, evidentiary hearing, the Board decided to terminate Cantys 
 employment.  Canty appealed the Boards decision to the circuit court, and the 
 circuit court affirmed the Boards decision, ruling: 1) Cantys contention the 
 Board improperly admitted evidence of her prior bad acts was not preserved; 
 2) sufficient evidence existed within the record to support Cantys termination 
 pursuant to sections 59-25-430 and -440; 3) Cantys termination did not violate 
 the notification provisions of sections 59-25-430 and -440; and 4) Cantys termination 
 was not a violation of her equal protection rights.  Canty appeals.  
STANDARD OF REVIEW
It is well established that in teacher 
 termination cases brought pursuant to section 59-25-410, et seq., this 
 Courts review is limited to determining whether the decision is supported by 
 substantial evidence.  See Felder v. Charleston County Sch. Dist., 
 327 S.C. 21, 25, 489 S.E.2d 191, 193 (1997); Kizer v. Dorchester County Vocational 
 Educ. Bd. of Trs., 287 S.C. 545, 548, 340 S.E.2d 144, 146 (1986); Laws 
 v. Richland County Sch. Dist. No. 1, 270 S.C. 492, 495, 243 S.E.2d 192, 
 193 (1978).
However, Canty argues both Kizer, 
 287 S.C. at 545, 340 S.E.2d at 144, and Hall v. Board of Trs. of Sumter County 
 Sch. Dist. No. 2, 330 S.C. 402, 407, 499 S.E.2d 216, 219 (Ct. App. 1998), 
 heighten our standard of review and require that evidence of unfitness to teach 
 be undeniably and abundantly present.  We disagree.
In Kizer, the Dorchester County 
 Vocational Educational Board of Trustees terminated Kizers employment for juvenile 
 behavior demonstrating insensitivity to basic human concerns.  287 S.C. at 
 547, 340 S.E.2d at 146.  Kizer challenged his termination, arguing his due process 
 rights were violated.  Our supreme court ruled Kizers due process rights were 
 not violated.  Additionally, applying the substantial evidence standard, the 
 supreme court ruled, the officially enunciated public policy of this State 
 is to provide for immediate removal of those whose conduct manifests evident 
 unfitness [for teaching].  Such conduct is undeniably and abundantly present 
 in this case.   287 S.C. at 550, 340 S.E.2d at 147.
Our review of this language, combined 
 with a review of subsequent decisions promulgated by the supreme court, leads 
 us to the conclusion this language is not intended to create a new standard 
 by which to review teacher termination cases.  Rather, the Kizer Court 
 was merely providing its evaluation of the evidence found in the record in that 
 case.
Furthermore, [a]lthough the Hall 
 case references the undeniably and abundantly present language in Kizer, 
 a reading of the entire Hall opinion makes clear that the court is not 
 declaring a new standard of review but is applying the substantial evidence 
 test.  Barrett v. Charleston County Sch. Dist., 348 S.C. 426, 432, 559 
 S.E.2d 365, 368 (Ct. App. 2001).
Consequently, we limit our review of 
 the record to determine whether the decision of the Board is supported by substantial 
 evidence.  Felder, 327 S.C. at 25, 489 S.E.2d at 193; see McWhirter 
 v. Cherokee County Sch. Dist. No. 1, 274 S.C. 66, 68, 261 S.E.2d 157, 158 
 (1979) ([I]f any of the charges against a teacher are supported by substantial 
 evidence, the school boards decision to dismiss must be sustained.); Barrett, 
 348 S.C. at 432, 559 S.E.2d at 368 (holding the reviewing court cannot substitute 
 its own judgment for that of the Board).  Substantial evidence is not a mere 
 scintilla of evidence nor the evidence viewed blindly from one side of the case, 
 but is evidence which, considering the record as a whole, would allow reasonable 
 minds to reach the conclusion that the . . . [Board] reached or must have reached 
 in order to justify its action.  Laws, 270 S.C. at 496-97, 243 S.E.2d 
 at 193.
LAW/ANALYSIS
I.       Evidence of Prior Incidents
Canty argues the circuit court erred by 
 affirming the decision of the Board because the Board improperly admitted evidence 
 of her prior bad acts in contravention of South Carolina Rules of Evidence, 
 Rule 404(b).
An issue cannot be raised for the first 
 time on appeal.  Rather, an issue must be raised to and ruled on by the trial 
 court to be preserved for appellate review.  Schofield v. Richland County 
 Sch. Dist., 316 S.C. 78, 82, 447 S.E.2d 189, 191 (1994); Cogdill v. Watson, 
 289 S.C. 531, 537, 347 S.E.2d 126, 130 (Ct. App. 1986) (The failure to make 
 an objection at the time evidence is offered constitutes a waiver of the right 
 to object.); Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 
 733 (1998) (It is axiomatic that an issue cannot be raised for the first time 
 on appeal, but must have been raised to and ruled upon by the trial judge to 
 be preserved for appellate review.).        
Throughout the hearing, the District presented 
 testimony regarding numerous incidents of Cantys insubordination to and unprofessional 
 conduct toward her superiors, colleagues, and students.  Canty did not object 
 to any of the testimony.  Therefore, this issue is not preserved for appellate 
 review.  
II.      Termination Pursuant to 
 Section 59-25-430
Canty argues sufficient evidence does 
 not exist within the record to support her termination pursuant to either section 
 59-25-430 or -440.  We conclude substantial evidence exists to support her termination 
 pursuant to section 59-25-430.  Therefore, we need not address whether Cantys 
 termination was proper pursuant to section 59-25-440.
Section 59-25-430 provides in pertinent part [a]ny 
 teacher may be dismissed at any time who shall . . . manifest an evident unfitness 
 for teaching . . . .
Student A testified he left his seat, and in response, 
 Canty lost her temper and struck her fist on an overhead projector, breaking 
 the glass.  Additionally, he testified she stated, [i]f you ever get out of 
 your seat again, Im going to choke you by your neck and throw you out of the 
 classroom . . . You better be lucky that this overhead wasnt your    head . 
 . .  Ill recommend . . . [for you] to stay back in my class.  
Following the class, Student A told another student 
 (Student B) what happened in Cantys classroom.  Student B then told Randall 
 Gary, an assistant principal.  Gary found Student A and questioned him.  Gary 
 testified Student A told him Canty broke the overhead projector and threatened 
 him with physical violence.  
Gary testified he questioned eight other students 
 who were in Cantys classroom when the incident occurred.  The students told 
 Gary Cantys behavior scared them.  
The following day, Dan Cobb, the head 
 of the department of human resources for the District, and Gary met with Canty 
 to discuss the events of the previous day.  Cobb testified Canty admitted she 
 broke the overhead projector with her fist.  Furthermore, while discussing the 
 incident on the phone with an unknown person, Cobb testified Canty said, [y]ou 
 know, I dont believe this.  I can see if [Student As] neck was broken like 
 it should have been. [1]   
 (emphasis added).
Viewing the evidence in light of our standard of 
 review, substantial evidence exists to support a finding Canty physically threatened 
 a student, without justification, both through her conduct and statements. 
 [2]   Because physical threats contravene the purpose and function of a 
 learning environment, this evidence is also sufficient to support a finding 
 Canty is unfit to teach. [3]   
 See Laws, 270 S.C. at 496, 423 S.E.2d at 193 (holding substantial 
 evidence a teacher conducted unwise use of disciplinary action is sufficient 
 to non-renew a teaching contract); Hendrickson v. Spartanburg County Sch. 
 Dist. No. 5, 307 S.C. 108, 111, 413 S.E.2d 871, 873 (Ct. App. 1992) (holding 
 evidence of physical violence toward a student is sufficient to demonstrate 
 unfitness to teach pursuant to section 59-25-430).
III.    Due Process
Canty argues she did not receive sufficient 
 notice of her termination proceeding pursuant to sections 59-25-430 and -440, 
 and thus, the Board has violated her procedural due process rights.  We conclude 
 Canty received proper notice pursuant to section 59-25-430.  Therefore, we do 
 not address Cantys notice pursuant to section 59-25-440. 
Section 59-25-430 states a teacher can 
 be terminated at any time, provided . . . that notice and an opportunity 
 shall be afforded for a hearing prior to any dismissal.  (emphasis in original); 
 see Kizer, 287 S.C. at 550, 340 S.E.2d at 147 (To remove from the school 
 one whose conduct manifests an evident unfitness for teaching, all that is required 
 is prior notice and opportunity for hearing.) (quoting section 59-25-430).  

On April 2, 2001, Hefner notified Canty he was 
 recommending the Board terminate her employment pursuant to section 59-25-430 
 based on her threatening a student with physical violence and breaking an overhead 
 projector. [4]   Furthermore, the record indicates Canty received 
 notice of the hearing, attended the hearing, and presented evidence in her defense.  
 Canty has thus received the procedural due process required by section 59-25-430.  
 See Kizer, 287 S.C. at 550, 340 S.E.2d at 147 (To remove from 
 the school one whose conduct manifests an evident unfitness for teaching, all 
 that is required is prior notice and opportunity for hearing.) (quoting section 
 59-25-430).  
IV.    Equal Protection
Canty argues the circuit court erred by 
 affirming the decision of the Board because another teacher in the District 
 demonstrated violent conduct toward a student and was not terminated.  Thus, 
 Canty contends her termination is a violation of the equal protection clauses 
 of both the United States and South Carolina constitutions.  We disagree.
The Equal Protection Clause provides that  [n]o 
 State shall . . . deny to any person within its jurisdiction the equal protection 
 of the laws.   U.S. Const. amend.  XIV, § 1.  Furthermore, the South Carolina 
 Constitution, provides, [no person] shall . . . be denied the equal protection 
 of the laws.  S.C. Const. art. I, § 3.
The sine qua non of an equal protection 
 claim is a showing that similarly situated persons received disparate treatment.  
 Grant v. South Carolina Coastal Council, 319 S.C. 348, 354, 461 S.E.2d 
 388, 391 (1995).   Thus, the initial burden of proving disparate treatment is 
 on the moving party.  Id.  
The evidence in the record indicates a teacher in 
 the District (Teacher A) slapped a student in the face.  The incident occurred 
 when Teacher A attempted to break up a disruptive crowd and the student grabbed 
 her.  The only testimony in the record indicates the slap was the result of 
 an accidental reflex of the teacher from being grabbed.  Teacher A was not 
 terminated.  
Canty has failed to establish a claim for an equal 
 protection violation because she has failed to prove the Board treated a similarly-situated 
 person in a disparate manner.  Rather, at most, Canty has established she was 
 terminated for violent conduct, when Teacher A, acting under different circumstances, 
 was not terminated for violent conduct.  Without more, this evidence is insufficient 
 to support a claim for an equal protection violation.  
CONCLUSION
Based on the foregoing the order of the circuit 
 court, affirming the decision of the Board, is
 AFFIRMED.
HOWARD, J., and BEATTY and JEFFERSON, Acting Judges, 
 concur.

 
 [1] Canty contends this evidence 
 is similar to the evidence in Miller v. Board of Educ. of Sch. Dist. No. 
 132, 200 N.E.2d 838 (Ill. App. Ct. 1964), and thus, the evidence is insufficient 
 to demonstrate an evident unfitness to teach.  In Miller, the teacher 
 taught a class of students with unusual behavioral problems and, on three 
 occasions, used physical force to maintain order in his class.  Id. 
 at 844.  The school board dismissed the teacher, and the teacher appealed.  
 The Illinois Court of Appeals held the school boards finding the teacher 
 acted inappropriately was against the manifest weight of the evidence. The 
 court based its decision, in part, on the type of students with whom [the 
 teacher] was dealing and the rather fantastic atmosphere which existed at 
 the school.  Id. at 846.  That is, the teachers actions were an attempt 
 to maintain order in the class.  Id. at 844-45.  In the present case, 
 the record does not reflect Canty was teaching children with unusual behavioral 
 problems.  Furthermore, the record does not reflect her actions were justifiable 
 to maintain order in the classroom.  Rather, the record supports the finding 
 Canty lost control of her temper and damaged school equipment while threatening 
 to physically harm a student.  Therefore, the present case is distinguishable 
 from Miller.

 
 [2] As an ancillary argument, Canty 
 contends her termination was improper pursuant to section 59-25-430 because 
 the District admitted the incident on February 21, 2001, standing alone, was 
 insufficient to support her termination.  This argument is without merit.  
 Cobb admitted he believed the incident, standing alone, was insufficient to 
 support Cantys termination.  However, Cobb is the head of the department 
 of human resources for the District.  He is neither the superintendent responsible 
 for recommending suspension, nor the Board, the body responsible for terminating 
 teachers.  Thus, although Cobbs statement lends support to Cantys position, 
 it is not binding on the superintendent or the Board.  

 
 [3] Furthermore, Cantys suspension 
 was appropriate pursuant to South Carolina Code Annotated section 59-25-450 
 (1990).  See S.C. Code Ann. § 59-25-450 (providing a superintendent 
 may suspend a teacher [w]henever . . . [there is] reason to believe that 
 cause exists for the dismissal of a teacher and when he is of the opinion 
 that the immediate suspension of the teacher is necessary to protect the well-being 
 of the children of the district or is necessary to remove substantial and 
 material disruptive influences in the educational  process . . . .).  

 
 [4] Specifically, Hefners letter stated:
 
 This action is being taken 
 as a result of . . . [an incident that occurred] on February 21, 2001, when 
 . . . you admittedly slammed your fist on your overhead projector, broke the 
 glass, and admittedly told the student, youd better be glad it wasnt your 
 head. . . . I have concluded that your conduct . . . has resulted in the 
 loss of your ability to serve effectively as a professional employee of the 
 District, and justifies your dismissal pursuant to S.C. Code Ann. 59-25-430 
 and 440.