THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 David M.
 Rocquemore, Appellant.
 
 
 
 
 

Appeal From Charleston County
Daniel  F.  Pieper, Circuit Court Judge

Unpublished Opinion No. 2010-UP-331
Heard April 14, 2010  Filed June 28, 2010

AFFIRMED

 
 
 
 Andrew John Savage III, of Charleston, and Senior Appellate
 Defender Joseph L. Savitz III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia, and Solicitor Scarlett
 Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: David Rocquemore appeals his
 convictions and sentences for voluntary manslaughter and possession of a
 firearm during the commission of a violent crime.  He argues the trial court
 erred in:  (1) refusing to grant a mistrial when the State neglected to
 disclose that a sitting juror was a close cousin of an Assistant Solicitor and
 that the two had communicated during the trial; and (2) refusing to afford
 retroactive effect to the Protection of Persons and Property Act (the Act), sections
 16-11-410 to 950 of the South Carolina Code (2003 & Supp. 2009), to the
 extent that it eliminates a duty to retreat in situation where a person is
 unlawfully and violently attacked in their vehicle.  We affirm pursuant to Rule
 220 (b)(1), SCACR and the following authorities:

 
1.  The trial court did not err in refusing to grant Rocquemore a
 mistrial based on the State's failure to disclose.  Assuming, without deciding,
 that the trial committed error, we find Rocquemore failed to demonstrate any prejudice. See State v. Culbreath, 377 S.C. 326, 331, 659 S.E.2d 268, 271 (Ct.
 App. 2008) ("Whether to grant or deny a mistrial motion is a matter within
 the trial court's sound discretion, and the court's decision will not be
 disturbed on appeal absent an abuse of discretion amounting to an error of law."); Smith v. State, 375 S.C. 507, 518, 654 S.E.2d 523, 529 (2007)
 (finding the trial court must ask whether potential jurors have any bias or
 prejudice against a party to ensure a fair and impartial jury); Culbreath,
 377 S.C. at 331, 659 S.E.2d at 271 ("In order to receive a mistrial, a defendant must show error and
 resulting prejudice."); Felder v.
 Charleston County Sch. Dist., 327
 S.C. 21, 26, 489 S.E.2d 191, 193 (1997) ("Substantial prejudice is
 required to establish a violation of due process.").
 
 2.  The
 trial court did not err in refusing to afford retroactive effect to the Act.  See Graham v. Dorchester County Sch. Dist., 339 S.C. 121, 124, 528 S.E.2d 80,
 82 (Ct. App. 2000) (finding as a general rule, statutes are presumed to be
 prospective rather than retrospective in nature unless retroactivity is
 expressly stated); State v. Bolin, 381 S.C. 557, 562, 673 S.E.2d 885,
 887 (Ct. App. 2009) ("[T]he legislature clearly and unambiguously
 specified the Act be applied prospectively, the Act cannot be applied
 retroactively. . . . "); State v. Dickey, 380 S.C. 384, 405, 669
 S.E.2d 917, 928 (Ct. App. 2008) (holding the Act applies prospectively and
 stating the "savings clause" of the Act specifically provides that
 the Act would not affect pending actions). 
 AFFIRMED.
 SHORT, WILLIAMS,
 and LOCKEMY, JJ., concur.