**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Dedra H. Kiser, Appellant,

v.

Spartanburg School District 7, Respondent.

Appellate Case No. 2015-002650

---

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-212
Submitted March 1, 2018 – Filed May 16, 2018

---

### AFFIRMED

---

David E. Rothstein, of Rothstein Law Firm, PA, of Greenville, for Appellant.

Kenneth E. Darr, Jr. and Kenneth W. Nettles, Jr., both of Lyles, Darr & Clark, LLC, of Spartanburg, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Appellant's argument that the Board erred by concluding her poor driving demonstrated her unfitness for teaching: S.C. Code Ann. § 59-25-430 (2004) ("Evident unfitness for teaching is manifested by conduct such as, but not limited to, the following: persistent neglect of duty, willful violation of rules and regulations of district board of trustees, drunkenness, conviction of a violation of the law of this State or the United States, gross immorality, dishonesty, illegal use, sale or possession of drugs or narcotics."); *Felder v. Charleston Cty. Sch. Dist.*, 327 S.C. 21, 25, 489 S.E.2d 191, 193 (1997) ("Judicial review of a school board decision terminating a teacher is limited to a determination [of] whether it is supported by substantial evidence. The court cannot substitute its judgment for that of the school board."); *Laws v. Richland Cty. Sch. Dist. No. 1*, 270 S.C. 492, 495, 243 S.E.2d 192, 193 (1978) (stating a school board's decision may "be set aside only if the allegations made against the [teacher] are unsupported by 'substantial evidence'"); *id.* ("In view of the powers, functions, and discretion [that] must necessarily be vested in educational authorities if they are to execute the duties imposed upon them, [the appellate court] cannot substitute its judgment for that of these authorities."); *id.* at 495–96, 243 S.E.2d at 193 ("'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence [that], considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.").

2. As to Appellant's argument that her termination violated section 59-25-430 because it occurred before the criminal charges brought against her were resolved: *Compare* § 59-25-430 ("Any teacher may be dismissed *at any time* who shall fail, or who may be incompetent, to give instruction in accordance with the directions of the superintendent, *or who shall otherwise manifest an evident unfitness for teaching* . . . ." (emphases added)), *with id.* ("Notwithstanding the provisions of [section] 59-25-450, when any teacher is charged with a violation of the law of this State or the United States *which upon conviction may lead to, or be cited as a reason for, dismissal*, such teacher may be suspended pending resolution of the charges and receive his usual compensation during the suspension period . . . . *If the teacher is convicted*, including pleading guilty or nolo contendere to the charges, *he may then be subject to dismissal proceedings*." (emphases added)).

**AFFIRMED.[1]**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**