`THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Doe, Appellant,

v.

Board of Zoning Appeals (BZA) and Town of Sullivan's Island (S.I.), S.I. Zoning Administrator, and S.I. Building Dept., Individually and In Official Capacity, Respondents.

Appellate Case No. 2015-002297

_____

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2019-UP-099
Submitted November 1, 2018 – Filed March 6, 2019

_____

**AFFIRMED**

_____

Cynthia Holmes, of Sullivan's Island, pro se.

John Phillips Linton, Jr., and George Trenholm Walker, both of Walker Gressette Freeman & Linton, LLC, of Charleston, for Respondents.

_____

**PER CURIAM:**  Cynthia Holmes, proceeding as a pro se litigant under the pseudonym John Doe (Doe), appeals the circuit court's dismissal of her appeal of a

decision issued by the Town of Sullivan's Island Board of Zoning Appeals (BZA) and her request for pre-litigation mediation concerning that decision. Doe alleges error in (1) the circuit court's determination that two motions filed by Doe to alter or amend were moot because the orders that Doe sought to set aside had been rescinded, (2) the circuit court's refusal to grant pre-litigation mediation, and (3) alleged violations of the zoning code. Doe also maintains the brief filed by the respondents was untimely and unresponsive and therefore should be deemed consent to the relief she sought in this appeal. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the circuit court's determination that Doe's motions to alter or amend were moot: *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 477, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon the existing controversy."); *id.* ("Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief."); *Herring v. Retail Credit Co.*, 266 S.C. 455, 461, 224 S.E.2d 663, 666 (1976) (reversing an ex parte order as "improvidently granted" but further ordering only that "a full hearing shall take place as soon as possible"); *Creighton v. Coligny Plaza Ltd. P'ship*, 334 S.C. 96, 122, 512 S.E.2d 510, 523, 524 (Ct. App. 1998) (recognizing that "discovery abuse motions do not become moot when a case is terminated"); *Equivest Fin., LLC v. Ravenel*, 422 S.C. 499, 506, 812 S.E.2d 438, 441 (Ct. App. 2018) ("When a party provides no legal authority regarding a particular argument, the argument is abandoned and the court will not address the merits of the issue.").

2. As to the circuit court's refusal to grant Doe pre-litigation mediation: S.C. Code Ann. § 6-29-820(A) (Supp. 2018) (allowing "[a] person who may have a substantial interest in any decision of the [BZA]" to appeal that decision "to the circuit court in and for the county, by filing with the clerk of the court a petition in writing setting forth plainly, fully, and distinctly why the decision is contrary to law"); § 6-29-820(B)(2) (allowing "[a] property owner whose land is the subject of a decision of the [BZA]" to appeal that decision "by filing a notice of appeal with the circuit court accompanied by a request for pre-litigation mediation . . . .").

3. As to Doe's allegations concerning violations of the zoning code: *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and

arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

4.  As to Doe's contention in her reply brief regarding the timeliness and responsiveness of the brief filed by the respondents: Rule 208(a)(4), SCACR ("Upon failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 263(b), SCACR ("The time prescribed by these Rules for performing any act except the time for serving the notice of appeal . . . may be extended or shortened by the appellate court, or by any judge or justice thereof.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.