## 9047

### STATE v. GRIFFIN *ET AL.*

(84 S. E. 876.)

CRIMINAL LAW. MOTION FOR NEW TRIAL. TRIAL. WITNESSES. APPEAL AND ERROR.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—COURTS.—The power to grant or refuse a new trial is vested exclusively in the Circuit Court, and its order thereon can be impeached on appeal only for error of law or abuse of discretion.
2. CRIMINAL LAW—CONDUCT OF PROSECUTION—TRIAL.—A charge of bad faith on the part of the prosecuting attorney in withholding testimony from the jury, involves constructive or actual fraud, design to deceive or neglect or refusal to fulfil some duty, due to an interested or sinister motive, and not honest mistake, and is not to be lightly made, and when made, should be clearly proven.
3. CRIMINAL LAW—TRIAL—NEW TRIAL.—The failure of a prosecuting attorney to offer testimony as to facts known, or which could have been ascertained by counsel for defendants, does not warrant the sion. that the testimony was suppressed with a sinister motive, : was not prejudicial to defendants.
4. .INAL LAW—WITNESSES—DISQUALIFICATION.—A conviction for a ,ualifying crime is necessary to disqualify a witness.
5. , 'PEAL AND ERROR—REVIEW.—Abuse of discretion implies not merely error of judgment, but error that is plain.

Before MOORE, J., Chester, July, 1914. Affirmed.

Motion for a new trial on the ground of newly discovered testimony made by Meeks Griffin, Thomas Griffin, John

Crosby and Nelson Brice, after conviction for murder. The facts are stated in the opinion.

*Mr. W. H. Newbold,* for appellant, submits: *General Sessions had jurisdiction to grant motion:* 80 S. C. 367. *Its order is appealable:* 40 S. C. 297. *The Supreme Court has jurisdiction on appeal to review errors of law:* 14 S. C. 423; 51 S. C. 405. *Newly discovered testimony sufficient which would probably change result:* 67 S. C. 546; 89 S. C. 53. *Showing necessary:* 33 S. C. 403; 87 S. C. 157. *Witness disqualified:* 15 S. C. 233; 14 Rich. 174; 14 S. C. 628. *Conviction of witness not necessary:* 2 Moore, Facts, sec. 1014, and note 173.

*Mr. Solicitor Henry,* for the respondent.

March 31, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been hither once before. 98 S. C. 105; 82 S. E. 254.

After that judgment was pronounced the defendants moved at the July, 1914, term of the Sessions for a new trial on after discovered evidence.

The Court refused the motion, and this appeal is from that order.

The following is a statement of a present possible procedure in the Sessions Court of the State, as exemplified by this cause.

Homicide 24th April, 1913; trial and conviction of murder July, 1913; appeal to this Court, Fall term, 1913; judgment affirmed spring, 1914; motion on Circuit for a new trial on after discovered evidence July, 1914, and motion refused; appeal here argued January, 1915.

The law of the land does demand that "the accused shall enjoy the right of a *speedy* trial;" but that does not imply the right to *obstruct* the course of justice.

The motion in the Sessions Court was refused in a *pro forma* order.

There are four exceptions, but they charge one error only, and that is, the Court ought to have granted a new trial. To these exceptions we shall shortly revert, in connection with the proof.

The proof below, for the motion, consisted of four affidavits other than those by the defendants and their counsel. Of the four, two were made by white men, Howze and Weir, and two by negro women, Gill and English. There was one witness for the State in rebuttal; but his testimony is not included in the "case."

It is settled by numerous cases that we may not too nicely weigh the testimony upon which such a motion is based; that power vests in the Circuit Court, for it has at hand the instrumentalities with which to exercise the power; and that Court's settled judgment ought not to be impeached except for errors of law, or for an abuse of its discretion. The latest leading case thereabout is well known. *State* v. *Jones,* 89 S. C. 41, 71 S. E. 291, Ann. Cas. 1912d, 1298.

The first exception charges "bad faith" on the part of the solicitor of the Sixth Circuit in withholding from the jury a fact about measurement, sworn to now by the witness, Howze. Bad faith is defined as the opposite of good faith, generally implying or involving constructive or actual fraud, or a design to deceive or mislead another, or neglect or refusal to fulfill some duty, or some contractual obligation not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Black's Law Dictionary, 112.

A charge like that against a public servant of no mean reputation, and of long and approved service, ought not to

be lightly made; and when made, it ought to be clearly proven. There is no such proof.

The exact matter in issue is this: One Monk Stevenson, a witness for the State and confessedly guilty, had testified that he stood on the fatal night at a particular spot, at some distance from the house where the homicide was committed.

The appellant contends in argument here that the State proved at the trial by one Lewis that the distance betwixt these points was 200 or 225 yards; but that the State knew at the close of the testimony, from Howze, who made the measurement pending the trial, that the distance was 500 yards. That bare statement, conceded to be true, would not nearly warrant a Court to conclude therefrom that an officer of the State purposely, and with sinister motive, suppressed Howze's testimony.

The argument of appellant's counsel itself shows that his contention is not sound; for it recites "at the close of the testimony defendant's attorney called on the State to prove the distance from the house to the peach tree, 'as *he understood* it had been measured.' This request was ignored."

If defendant's counsel understood the measurement had been made, and so said in open Court, then there was concealment which did not conceal.

So at all events there was no concealment by the solicitor from defendant's counsel.

The second exception is that Weir's testimony now proves that the State's chief witness, Monk, had, before the trial some eight years, stolen some chickens from Weir. The legal conclusion now contended for is, that Monk was disqualified to testify at the trial. There is no pretention that Monk was ever convicted of larceny; the contention is, that guilty, as now proved by Weir, would disqualify Monk now to testify. Such is not the law, though there may be authority of some sort therefor. Greenleaf states the law to be otherwise, that guilt must be evinced by a judgment. 1 Greenleaf, sec. 372.

Any other rule would involve the trial of a collateral issue, to wit, the guilt or innocence of a proffered witness.

The third exception refers to the testimony of two negro women. They swear now to declarations by Monk when he and they, pending the trial, were inmates of the city guardhouse. It would be utterly unsafe to upset the verdict of a jury upon evidence of that character, if we were disposed to consider it.

There is no room whatever to conclude the Circuit Court abused the discretion invested in it to hear and determine the motion. Abuse of discretion implies not merely error of judgment, but error that is plain.

There is no ground upon which to conclude that the judgment of that Court, in the matter now under review, was wrong; and its judgment is affirmed.

It is, therefore, ordered that the cause be remanded to the Circuit Court for the pronouncement of final judgment of the law.