16445

PETTIFORD v. SOUTH CAROLINA STATE BOARD OF EDUCATION

(62 S. E. (2d) 780)

324

*Messrs. C. T. Graydon* and *John Grimball,* of Columbia, *for Appellant,*

*Messrs. John M. Daniel, Attorney General, T. C. Calli-son* and *R. Hoke Robinson, Assistant Attorneys General,*

of Columbia, and *J. Means McFadden,* of Chester, *for Respondent,*

326

328

330

332

338

344

December 15, 1950.

PER CURIAM.

This Court is in full accord with the able and comprehensive decree of Judge Greneker, which will be reported. It is affirmed for the reasons therein stated. We shall only refer to two questions raised by appellant's exceptions but not discussed by Judge Greneker.

Appellant contends that the Board erred in admitting in evidence and considering certain documents, referred to as "fraudulent keys", which were taken from seven other examinees during the course of the examination involved in this controversy. At the time these documents were confiscated, they were being used at various places in the State for the aid and assistance of those from whom they were taken. The testimony shows that the contents of these seven documents, in so far as they related to the same subject matter, were practically identical. It was from these fraudulent "keys" that the "master fraudulent key" was compiled. A comparison of the examination papers with this master key disclosed that cheating had taken place on a wide scale.

> Appellant says that there is no evidence connecting her with the fraudulent keys confiscated; that there is no proof that she had such a document in her pos-

session 'or that she was ever associated with those from whom they were confiscated; and that none of these keys were found in the school where she took her examination. But we think that this evidence was competent and relevant as establishing a strong link in the chain of circumstances showing that appellant had used similar aid on this examination. Although Judge Greneker held that this testimony was competent, we have referred to this question because it was not specifically discussed in his decree.

The contention is made that Judge Greneker erred in considering matters dehors the record. This question has reference to the following statement in the circuit decree: "While the record in this particular matter does not so indicate, it was brought out at the hearing before me, as a matter of public record, that all nine members of the State Board of Education had attended a considerable number of these hearings, and this fact seems to be conceded by counsel for the petitioner." Counsel for appellant says that they made no such concession and that this statement evidently was taken from facts stated in argument by counsel for respondent. But this inadvertence on the part of the Court resulted in no prejudice to appellant. The fact mentioned is not material and it is apparent from the decree of the learned Circuit Judge that it did not affect his conclusion.

It may be of interest to state that an action was brought in the United States District Court to have declared unconstitutional the statute under which the Board proceeded and to enjoin the enforcement of the orders by the Board revoking the certificates of a number of Negro teachers. The case was heard by a Court of three Judges convened pursuant to the applicable Federal statute. In a well considered opinion by Judge Parker, *Shirer v. Anderson,* D. C., 88 F. Supp. 858, 862, the Court referred approvingly to the order of Judge Greneker and stated: "It is absurd to say that the Board's action was not supported by the evidence or was

arbitrary or unreasonable. The question involved was a pure question of fact; and, in deciding it, the Board was at liberty to consider circumstantial as well as direct evidence, and the circumstances relied on were of strong probative value. The fact that a widespread cheating conspiracy was shown to have existed, that fraudulent keys were found, and that the papers turned in by the accused teachers corresponded in so many details with the fraudulent keys,—these taken together unquestionably furnished substantial basis for the Board's action."

All exceptions are overruled and the decree of Judge Greneker, as supplemented by the views expressed herein, is adopted as the opinion of this Court.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.

BAKER, C. J.,not participating.