0826

Art Leo ADAMS, Respondent v. George GRANT, d/b/a Grant's Auto Sales, Appellant.

(358 S. E. (2d) 142)

Court of Appeals

*Kenneth E. Sowell,* Greenville, *for appellant.*

*Thomas W. Traxler,* Greenville, *for respondent.*

Heard Oct. 21, 1986.

Decided Dec. 8, 1986.

SHAW, Judge:

Respondent, Art Leo Adams, sued appellant, George Grant, d/b/a Grant's Auto Sales, for revocation of acceptance of an automobile or, in the alternative for breach of warranty, and for violation of S. C. Code Ann. § 56-15-40 (1976). Grant appeals a jury verdict in favor of Adams for $10,056.00. We affirm.

In an action at law, tried by a jury, this court may ■ only correct errors of law. *Broom v. Marshall,* 284 S. C. 530, 328 S. E. (2d) 639 (Ct. App. 1984). If any evidence reasonably supports the jury's findings, we must affirm. *McGaha v. Mosley,* 283 S. C. 268, 322 S. E. (2d) 461 (Ct. App. 1984).

This dispute revolves around a used car Adams purchased from Grant. The parties agree the car, at the time of sale, was in need of repair, and that Grant agreed to make the repairs. However, the parties disagree on the extent of repairs Grant agreed to perform.

Grant appeals claiming the trial court erred in (1) denying his motions for a directed verdict, new trial, and judgment notwithstanding the verdict, (2) not requiring Adams to elect between his causes of action for revocation of acceptance and breach of warranty, and (3) not reducing the judgment because the jury allegedly used an improper measure of damages.

## I.

Grant argues the trial court erred in denying his motions because Adams did not have a right to revoke his acceptance. We disagree.

A buyer may revoke his acceptance of a nonconforming item if his acceptance was based on a reasonable assumption the nonconformity would be seasonably cured, which it was not. S. C. Code Ann. § 36-2-608 (1)(a) (1976). Given this statute, there is evidence which could support the jury's finding Adams had a right to revoke his acceptance.

Adams and his mother-in-law testified about defects in the car which substantially impaired its value. Adams testified Grant promised to repair the defects, and then refused to repair some defects at all and attempted other repairs which proved unsuccessful. Given this evidence and our scope of review, we must affirm.

As to the violations of S. C. Code Ann. § 56-15-40 (1976), the court correctly submitted this to the jury because there was testimony Grant expressly warranted to make all repairs and then refused to do so because he did not "have that much tied up in the car." This could be found by the jury to constitute action which is "arbitrary, in bad faith, or unconscionable and which causes damages to any of the parties. . . ." S. C. Code Ann. § 56-15-40 (1) (1976).

## II.

Grant argues the trial court erred in not requiring Adams to elect between his causes of action for revocation and breach of warranty.

Election of remedies involves a choice of two or more different and coexisting forms of relief afforded by law for the same injury. *Save Charleston Foundation v. Murray*, 286 S. C. 170, 333 S. E. (2d) 60 (Ct. App. 1985). The basic purpose of election of remedies is to prevent double recovery for a single wrong. *Id.* When the facts alleged entitle a party to alternative remedies, he should have a full opportunity to prove his claim to some form of relief, but he should not receive a double recovery. *Harper v. Ethridge*, 290 S. C. 112, 348 S. E. (2d) 374 (Ct. App. 1986). In many instances, this means the case can go to the jury on all causes of action supported by the evidence at trial, with election required after verdict but before judgment is entered. *Id.* The decision as to time of election rests within the sound discretion of the trial judge. *Id.*

In this case, there is a dispute as to whether Adams effectively revoked his acceptance.[1] Had the jury found against Adams on this issue, his only recourse

---

[1] The car was vandalized while parked at a locksmith's, where it was taken by Grant for repair. Grant claims Adams did not revoke until after he learned of the vandalism which resulted in substantial damage to the car.

would have been to again sue, but for breach of warranty. The trial judge properly submitted the case to the jury in the alternative by way of a special verdict.

■ Where a plaintiff presents two causes of action because he is uncertain of which he will be able to prove, but seeks a single recovery, he will not be required to elect. *Rober Harmon and Bore, Inc. v. Jenkins*, 282 S. C. 189, 318 S. E. (2d) 371 (Ct. App. 1984).

■ We also note the Uniform Commercial Code rejects election of remedies as applied to revocation of acceptance and damages for breach. S. C. Code Ann. § 36-2-608 Official Comment 1 and South Carolina Reporter's Comments (1976).

### III.

Finally, Grant argues the jury used the wrong measure of damages under S. C. Code Ann. § 56-15-110(1) (1976). Specifically, he argues that statute provides for damages double the actual damages sustained, whereas the jury doubled the purchase price with no allowance for the value of the car as received.

■ However, the jury had already determined Adams' actual damages, under S. C. Code Ann. § 36-2-711 (1976),[2] equaled the purchase price of the automobile. Thus the jury was correct in doubling this figure under § 56-15-110(1).

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.

---

[2] This is the measure of damages charged to the jury on the theory of revocation of acceptance. Grant did not except to this charge nor offer a special charge.