641 S.E.2d 24

**LEE COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES, Appellant,**

**v.**

**MLD CHARTER SCHOOL ACADEMY PLANNING COMMITTEE, Respondent.**

**No. 26255.**

Supreme Court of South Carolina.

Heard Sept. 20, 2006.
Decided Jan. 29, 2007.

Charles J. Boykin and Karla McLawhorn Hawkins, of Boykin, Davis, Hawkins & Caldwell, L.L.C., of Columbia, for Appellant.

Cathy Hoefer McCabe, of Spartanburg, for Respondent.

Kenneth L. Childs, William F. Halligan, John M. Reagle, Allison Aiken Hanna, all of Childs & Halligan, of Columbia, for Amicus Curiae Laurens County School Districts 55 & 56.

Justice BURNETT:

Respondent MLD Charter School Academy Planning Committee (the Academy) appealed the decision of Appellant Lee County School District Board of Trustees (Lee Board) denying its application for a charter school. The State Board of

Education (State Board) reversed the decision of the Lee Board and the circuit court affirmed. We affirm as modified.

## *FACTUAL/PROCEDURAL BACKGROUND*

The Lee Board is a duly-elected local school board of trustees which manages and controls the Lee County School District. The Lee Board's duties include evaluating applications to form charter schools pursuant to the South Carolina Charter Schools Act, S.C.Code Ann. §§ 59–40–10 to 210 (2004). The Academy is a charter school which has been operating in Lee County since the fall of 2005. The Academy submitted an application to the Charter School Advisory Committee (Advisory Committee), which was established by the State Board to review and determine the compliance of a charter school application with the requirements of the Charter Schools Act. *See* S.C.Code Ann. § 59–40–70(A).

After the Academy met with the Lee Board and the Advisory Committee on several occasions, the Advisory Committee voted to certify the application. The Advisory Committee forwarded the Lee Board a certified application and notified the Lee Board of its decision in a letter. At a public hearing, the Lee Board voted to deny the Academy's application. In its Notice of Denial, the Lee Board stated that the application was not compliant with the requirements of the Charter Schools Act in at least seven areas. The Lee Board also expressed its belief that approving the application would adversely impact other students in Lee County.

The Academy appealed the decision of the Lee Board to the State Board arguing, among other things, that the Lee Board's only concerns were financial in nature and that its bases for denial of the application were erroneous. The State Board reversed the decision of the Lee Board and, in effect, granted a charter to the Academy. The State Board found the order of the Lee Board lacked specificity because it did not base its findings of fact or conclusions of law on substantial evidence on the whole record. Although the State Board determined it could reverse on this basis alone, it also found the Academy met the statutory requirements in ten areas found deficient by the Lee Board.

The Lee Board appealed the order of the State Board. The Circuit Court affirmed. We certified the appeal from the Court of Appeals pursuant to Rule 204(b), SCACR.

## ISSUES

I.    Did the circuit court err in finding no conflict existed between S.C.Code Ann. § 59–40–70(A)(6) (2004), which requires all applications to be completed by the State Board's published deadline, and 24 S.C.Code Ann. Reg. 43–601(I)(C) (Supp.2005), which permits the Advisory Committee to request and consider additional application materials after the deadline has passed?

II.   Did the circuit court err in applying a more stringent notification requirement upon the Lee Board than set forth in S.C.Code Ann. § 59–40–70(C) (2004)?

III.  Did the circuit court err in affirming the State Board's reversal of the Lee Board based solely on the contents of the Notice of Denial?

## STANDARD OF REVIEW

The circuit court reviews the order of the State Board under the Administrative Procedures Act (APA), S.C.Code Ann. § 1–23–380(A)(6) (2005), which provides for reversal only if its findings are:

a) in violation of constitutional or statutory provisions;

b) in excess of the statutory authority of the agency;

c) made upon unlawful procedure;

d) affected by other error of law;

e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

This Court reviews the order of the circuit court to determine whether it properly applied the APA standard of review. *Beaufort County Bd. of Educ. v. Lighthouse Charter Sch.*, 335 S.C. 230, 516 S.E.2d 655 (1999). Although under the APA, the Court may not substitute its judgment for that of a state agency as to the weight of the evidence on questions of

fact, it may reverse or modify decisions which are clearly erroneous in view of the substantial evidence on the whole record. *Welch Moving and Storage Co., Inc. v. Public Serv. Comm'n of South Carolina,* 301 S.C. 259, 391 S.E.2d 556 (1990).

## *LAW/ANALYSIS*

### I. Conflict between Statute and Regulation

The Lee Board argues the circuit court erred in finding no conflict existed between S.C.Code Ann. § 59–40–70(A)(6), which requires all applications to be completed by the State Board's published deadline, and 24 S.C.Code Ann. Reg. 43–601(I)(C), which permits the Advisory Committee to request and consider additional application materials after the deadline has passed. The Lee Board failed to raise this argument to the State Board and, therefore, failed to preserve this issue for appellate review. This Court has a limited scope of review and cannot consider issues that were not raised to and ruled on by the administrative agency. *Kiawah Resort Assoc. v. South Carolina Tax Comm'n,* 318 S.C. 502, 458 S.E.2d 542 (1995).

However, in the interest of judicial economy, we conclude there is no conflict between S.C.Code Ann. § 59–40–70(A)(6) and 24 S.C.Code Ann. Reg. 43–601(I)(C). Section 59–40–70(A)(6) instructs the Advisory Committee: "If the [charter school] application is in noncompliance, it must be returned to the applicant with deficiencies noted." We do not interpret this provision as mandatory. Regulation 43–601(I)(C) allows the Advisory Committee to "request clarification or additional information from the applicant" and gives the Committee "the authority to incorporate this additional information into the application." The regulation is a proper and reasonable exercise of authority and, therefore, does not conflict with the statute.

### II. The Notification Requirement

The Lee Board argues the State Board erroneously applied a more stringent notification requirement upon the Lee Board than that provided in S.C.Code Ann. § 59–40–

70(C), which requires local school boards to provide a written explanation of the reasons for denial with correlating statutory standards. We disagree.

The Lee Board failed to meet the statutory requirements set forth in Section 59–40–70(C) which states:

> A local school board of trustees shall only deny an application if the application does not meet the requirements specified in Section 59–40–50 or 59–40–60, fails to meet the spirit and intent of this chapter, or adversely affects, as defined in regulation, the other students in the district. It shall provide, within 10 days, a written explanation of the reasons for denial, citing specific standards related to provisions of Section[s] 59–40–50 or 59–40–60 that the application violates.

Instead of providing a "written explanation for the reasons for denial, citing specific standards," the Lee Board spoke only in generalized terms in its Notice of Denial. Section 59–40–70(C) clearly sets forth the requirements the Lee Board must follow, and the Lee Board failed to meet these requirements in its Notice of Denial. The circuit court was, therefore, correct in affirming the State Board's decision to reverse the Lee Board.

### III. The Notice of Denial

■ The Lee Board argues the State Board erroneously based its decision solely on the contents of the Lee Board's Notice of Denial instead of the entire record, which purportedly contained evidence that supported the decision of the Lee Board to deny the charter school application. We disagree.

The State Board properly based its decision on the Lee Board's Notice of Denial. *Porter v. South Carolina Public Service Commission*, 333 S.C. 12, 507 S.E.2d 328 (1998),[1] established the requirement for administrative agencies when presenting their findings:

> An administrative body must make findings which are sufficiently detailed to enable this Court to determine whether the findings are supported by the evidence and whether the law has been applied properly to those findings. Where material facts are in dispute, the administrative body must

---

1. Although *Porter* addresses the Public Service Commission, we find it applicable to all administrative agencies, including local school boards.

make specific, express findings of fact. An administrative agency is not required to present its findings of fact and reasoning in any particular format, although the better practice is to present them in an organized and regimented manner.... We occasionally have upheld [administrative] orders which were conclusory in nature. We did so in years past because no statute explicitly required an administrative agency to make specific findings of fact or state its reasoning as a predicate for judicial review—although we have long believed that is the better practice.... [S]tatutes and our precedent require an administrative agency to make specific findings of fact and explain its rationale in sufficient detail to afford judicial review.

*Porter*, 333 S.C. at 21–22 n. 3, 507 S.E.2d at 332–333 n. 3 (citations omitted).

*Porter* also explained that courts will not *sua sponte* search the record for substantial evidence supporting a decision when an administrative agency's order inadequately sets forth the agency's findings of fact and reasoning. *Id.*

The Lee Board's decision is embodied in its Notice of Denial. Neither the State Board, the circuit court, nor this Court is obligated to search the entire record for information that should have been contained in the Notice of Denial. Because the Lee Board failed to support its findings in the Notice of Denial with sufficient detail, the circuit court did not err in affirming the State Board's reversal of the Lee Board.

## CONCLUSION

The Lee Board failed to provide the requisite specificity in its Notice of Denial and failed to comply with the requirements of S.C.Code Ann. § 59–40–70(C). We affirm the circuit court's decision to affirm the State Board's reversal of the Lee Board. Our disposition of these issues makes it unnecessary to address the Lee Board's remaining issues. *See Whiteside v. Cherokee County Sch. Dist. No. One*, 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (an appellate court need not address remaining issues when resolution of prior issues is dispositive).

**AFFIRMED.**

TOAL, C.J., MOORE and WALLER, JJ., concur.
PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES dissenting:

I respectfully dissent and, as explained below, would vacate the circuit court's order and remand the matter to that court for reconsideration.

The majority holds that "[t]he circuit court reviews the order of the State Board under the Administrative Procedures Act (APA). . . ." I disagree,[2] and would hold that the charter school appeal process for cases such as this which commenced before July 1, 2000, lies entirely outside the APA. In my opinion, the confusion that has resulted from the misapplication of the APA by the circuit court renders the order before us incapable of intelligent review such that a remand is required.

In 1996, the General Assembly enacted the "South Carolina Charter Schools Act of 1996 (the Act)," [3] codified at S.C.Code Ann. §§ 59–40–10 *et seq.* Pursuant to the Act, if the local board denies an application "the charter applicant may appeal the denial to the State Board of Education pursuant to Section 59–40–90." This section establishes the procedure for these appeals, and allows the State Board to affirm or reverse the local board's action. § 59–40–90(C). Under the Act, the State Board acts as an appellate body in reviewing the local board's decision. The State Board's scope of review and standard of review in this appellate process in found in 24 S.C. Regs. 43–600(1)(D) and (E).[4]

Under the version of the Act in effect at the time this case arose, the "final decision of the state board may be appealed by any party to the circuit court for the county in which the proposed charter school is or was to have located [sic]." § 59–

---

2. I also disagree with Part III of the majority's opinion which analyzes the sufficiency of the Lee Board's Notice of Determination under an APA standard. A local school board is not an agency within the meaning of the APA, S.C.Code Ann. § 1–23–310(2) (2005): in my opinion, the expansion of this definition to include local institutions intrudes on the Legislature's prerogative, and is unduly burdensome to those entities.

3. 1996 Act No. 447, § 2, as amended by 2002 Act No. 341, § 1.

4. Among other things, this regulation requires the State Board when acting in its appellate capacity under the Act to apply standards very similar to those used by a circuit court when reviewing an APA appeal.

40–90(D). This right to appeal to the circuit court exists pursuant to the Act, not the APA. As an appeal outside the ambit of the APA, the circuit court's jurisdiction is founded on S.C.Code Ann. § 18–7–10 (1985) and its scope of review is governed by S.C.Code Ann. §§ 18–7–170 through –190 (1985). In my view, the conclusion that this appeal lies outside the APA is confirmed by 2006 Act No. 274. This act, effective July 1, 2006, amends § 59–40–90 to provide that charter school appeals from the state board are now made to the Administrative Law Court.

The circuit court reviewed this appeal under the APA rather than under the Title 18 standards. As a result, this Court cannot perform its appellate function with any degree of certainty. I would therefore vacate the circuit court order and remand for reconsideration under the Title 18 standard. *See Karl Sitte Plumbing Co., Inc. v. Darby Dev. Co. of Columbia, Inc.*, 295 S.C. 70, 367 S.E.2d 162 (Ct.App.1988) (circuit court order applying wrong standard of review reversed and remanded for redetermination).