725 S.E.2d 107

**Creola YOUNG, Appellant,**

v.

**CHARLESTON COUNTY SCHOOL DISTRICT, Respondent.**

**No. 27111.**

Supreme Court of South Carolina.

Heard Nov. 16, 2011.

Decided April 4, 2012.

Deena Smith McRackan, of Charleston, and W. Allen Nickles III, of Columbia, for Appellant.

Alice F. Paylor, of Rosen Rosen & Hagood, of Charleston, for Respondent.

Chief Justice TOAL.

Creola Young (Appellant) appeals the order of the circuit court, upholding the Charleston County School Board's (Board) decision not to renew Appellant's employment contract, on the ground that the Board violated Appellant's procedural due process rights. We reverse and remand for further proceedings.

## FACTS/PROCEDURAL BACKGROUND

Appellant taught fifth grade at E.B. Ellington Elementary School (School) in Charleston County for six years. During Appellant's tenure there, she received multiple warnings and feedback about inappropriate conduct and poor judgment with students, and her failure to provide instruction in a satisfactory manner.[1] On May 14, 2009, the Associate Superintendent

---

1. Appellant's indiscretions included throwing a chair at a student, pulling a student's hair, leaving her class unsupervised during which time a student was injured during a fight, and the consistently poor standardized test scores of her students.

of the Charleston County School District (District) recommended the Board not renew Appellant's teaching contract. Appellant made a timely request for a hearing before the Board concerning the recommendation. The Board delegated the hearing function to a three-member committee comprised of Board members. The committee convened for a hearing on the renewal recommendation on June 22 and 25, 2009. Appellant was represented by counsel at this hearing and testified before the three-member panel. Following the hearing, the panel voted to uphold the recommendation of non-renewal by a vote of two to one. On July 7, 2009, the committee reported to a quorum of the Board during a special telephonic executive session held for the express purpose of deciding whether to renew two teaching contracts, one of which was Appellant's contract.[2] Appellant was not present at this meeting.[3] The Board did not have the opportunity to review the hearing transcript as it was prepared after the Board issued its written order dismissing Appellant from her position. At the end of the executive session, the Board reconvened in open session and voted to accept the committee's recommendation not to renew Appellant's contract by a vote of four to three.

On August 3, 2009, the Board issued a formal, written decision, finding the School submitted substantial evidence that Appellant incompetently provided instruction to her students, failed to obey a district directive and order of her supervisor, acted unprofessionally in carrying out her job duties, and was unfit for her position. Consequently, the Board decided not to renew Appellant's teaching contract for the 2009–2010 school year. Appellant filed a timely appeal to the circuit court, and the circuit court affirmed the decision of the Board.[4] This case is before the Court pursuant to Rule 204(b), SCACR.

---

2. Eight of the nine Board members participated in the July 7th meeting, with six of those members participating by phone. One member who was participating by phone left the meeting at 10:30 a.m. and did not participate in the vote.

3. At oral argument, Appellant's counsel read from an e-mail sent by the Board's in-house counsel to Appellant, notifying her of the meeting just fifteen minutes before the meeting took place. .

4. Appellant appealed the Board's grounds for dismissal to the circuit court, claiming her dismissal was not supported by substantial evidence

## ISSUES

I.  Whether the Board's review of Appellant's non-renewal appeal hearing violated Appellant's procedural due process rights guaranteed by the state's constitution and statutes.

II.  Whether the Board violated Appellant's due process rights by not convening a quorum to hear Appellant's non-renewal appeal.

III.  Whether the Board's failure to issue a decision within ten days of the hearing on the matter violated section 59–25–470 of the South Carolina Code.

## STANDARD OF REVIEW

This Court's scope of review when reviewing decisions of school boards is governed by the Administrative Procedures Act (APA), S.C.Code Ann. § 1–23–380 (Supp.2011). *Lee Cnty. Sch. Bd. of Trs. v. MLD Charter Sch. Acad. Planning Comm.,* 371 S.C. 561, 565, 641 S.E.2d 24, 26 (2007). A "review of the administrative law judge's order must be confined to the record." S.C.Code Ann. § 1–23–610(B) (Supp.2011). In this case, the Court is not called to review the substantive determinations of the Board, but only whether Appellant was afforded the procedural due process prescribed by our laws and our constitution. As such, the Court may

reverse or modify the decision if substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

. . . .

*Id.* § 1–23–610(B).

## ANALYSIS

■  Appellant contends that the process afforded her was constitutionally deficient in one of two ways. First, Appellant

in the Record. The circuit court found there was substantial evidence to support Appellant's dismissal. Appellant has not appealed the propriety of this portion of the circuit court's decision, and therefore, Appellant's dismissal on substantive grounds is the law of the case.

asserts that due process requires a quorum of the Board to be present at the non-renewal hearing, and therefore, the hearing before a three-member panel of the Board violated her rights. Alternatively, Appellant asserts that a quorum of the Board must have the opportunity to weigh the credibility of the witnesses, make evidentiary rulings, or review the record, and here, a quorum of the Board did not have that opportunity. Without reaching the delegation issue, we find that, at a minimum, a quorum of the Board must engage in a *meaningful* review of the evidence and testimony presented at the dismissal hearing. Such a review did not take place in this case. Therefore, we reverse and remand for further proceedings.

In *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court recognized that public school teachers have a property interest in continued employment and, commensurate with that property interest, the state must provide notice and an opportunity to be heard before a teacher may be deprived of the right to continued employment. Accordingly, the General Assembly has fixed a "mode of procedure" to be followed in teacher dismissal matters through the enactment of the Teacher Employment and Dismissal Act (TEDA). *See* S.C.Code Ann. §§ 59–25–410 to –530 (2004 & Supp.2011). Specifically, section 59–25–470 provides:

> Within fifteen days after receipt of notice of suspension or dismissal, a teacher may serve upon the chairman of the board or the superintendent a written request for a hearing before the board. If the teacher fails to make such a request, or after a hearing as herein provided for, the District Board of Trustees shall take such action and shall enter such order as it deems lawful and appropriate. The hearing shall be held by the board not less than ten nor more than fifteen days after the request is served, and a notice of the time and place of the hearing shall be given the teacher not less than five days prior to the date of the hearing. The teacher has the privilege of being present at the hearing with counsel and of cross-examining witnesses and may offer evidence and witnesses and present any and all defenses to the charges. The board shall order the appearance of any witness requested by the teacher. The

complainants shall initiate the introduction of evidence in substantiation of the charges. Within ten days following the hearing, the board shall determine whether the evidence showed good and just cause for the notice of suspension or dismissal and shall render its decision accordingly, either affirming or withdrawing the notice of suspension or dismissal.

*Id.* § 59–25–470.

Promulgated before the passage of TEDA, section 59–19–110 of the South Carolina Code grants a school board general rule-making authority and states:

This rule-making power shall specifically include the right, at the discretion of the board, to designate one or more of its members to conduct any hearing in connection with any responsibility of the board and to make a report on this hearing to the board for its determination.

*Id.* § 59–19–110 (2004). The Board relies upon this provision for its authority to delegate the hearing function to a three member sub-committee of the Board.

This Court's decision in *Pettiford v. South Carolina State Board of Education,* 218 S.C. 322, 62 S.E.2d 780 (1950), elucidates the requirement that, at a minimum, a quorum of a school's board of education must review the evidence presented at a non-renewal or dismissal hearing in a meaningful way. In *Pettiford,* the Court considered the question of whether the State Board of Education violated the petitioner's due process rights when only two members of the State Board of Education heard the testimony of the witnesses rather than a quorum of that body. 218 S.C. at 341, 62 S.E.2d at 788–89. The Court held that the petitioner's due process rights were not violated by the delegation of the fact-finding function to hearing officers, so long as they presented their findings to the full board, and the full board then based its decision on such facts:

[D]ue process requires that an administrative board, or body, when acting in a quasi-judicial capacity, *must consider all the evidence* before rendering its decision upon any particular question. This does not mean that this administrative board, or body, must itself hear the evidence, *but it*

*must have the evidence before it,* and consider such evidence when rendering its decision.

*Id.* at 345–6, 62 S.E.2d at 791 (emphasis added).[5] The Court continued, "The record and evidence shows that this requirement has been met in rendering its decision...." *Id.* at 346, 62 S.E.2d at 791.

Assuming arguendo that the delegation authority given school boards in section 59–19–110 extends to dismissal or non-renewal hearings, this code section requires those persons designated to conduct a hearing "to *make a report* on this hearing to the board for its determination." S.C.Code Ann. § 59–19–110 (2004) (emphasis added). The Record in this case is devoid of any evidence that such a report was made to a quorum of the Board. What is clear to this Court is that a meaningful review, as contemplated by *Pettiford,* could not have taken place. It is undisputed that the hearing transcript was not available at the July 7, 2009 specially-called telephonic meeting of the Board.[6] The only evidence in the Record of the Board's review was the minutes recorded from this meeting. The minutes state that "[t]he public and the media were duly notified of the meeting, in compliance with the South Carolina Freedom of Information Act." However, an e-mail read at oral argument reflected that Appellant was informed of the meeting by the Board's in-house counsel just fifteen minutes before the meeting took place. This notice was insufficient to allow Appellant to be present and, importantly, to be represented by counsel before the full Board. The minutes do not reflect that the hearing committee provided the Board a "report," as required by section 59–19–110. Rather, the minutes state that the Board merely "approved the recommendation of the hearing committee to uphold the non-renewal" of Appellant's contract. Without a transcript to recount the evidence, and without the presence of Appellant or Appellant's counsel to represent her interest, the Board could

---

5. In reciting this portion of *Pettiford* we make no decision as to the legitimacy of the Board's delegation in this case. *Pettiford* was decided over twenty years before the General Assembly promulgated TEDA and addresses the invalidation of teaching certificates rather than the dismissal of a teacher.

6. The hearing transcript was prepared two months later on September 7 and 8, 2009.

not have properly considered the evidence.[7] However, the Board's final order states, "After *considering the evidence presented and the arguments of counsel,* the Board has determined that the recommendation to not renew [Appellant's] contract for the 2009–2010 school year should be upheld." (emphasis added). In our opinion, this is a disingenuous representation of the procedure that actually took place.

■ The Board maintains the review consisted of an oral recitation of the arguments made at the non-renewal hearing by the three-member sub-committee that conducted the hearing. Even assuming such colloquy took place, an oral recitation of the hearing proceedings by Board members that voted against renewal, outside the presence of Appellant and her counsel, is inherently prone to bias. An indispensable component of procedural due process is that the persons legally responsible for making a decision must be informed and unbiased. *See Garris v. S.C. Reinsurance Facility,* 333 S.C. 432, 453, 511 S.E.2d 48, 59 (1998) ("Due process requires an administrative board, when acting in a quasi-judicial capacity, to consider all the evidence before deciding a particular question."). Accordingly, we find that a meaningful review requires some showing that the Board made an informed decision based on the evidence presented by both parties. Anything less deprives school district employees the rights afforded them under TEDA to have a dismissal or non-renewal recommendation adjudicated by the Board. *See* S.C.Code Ann. § 59–25–470 (Supp.2011) (following a hearing, the Board is responsible for rendering a decision).

## CONCLUSION

The review undertaken by the Board of Appellant's non-renewal hearing was insufficient to satisfy the due process requirements of our constitution and of TEDA. Therefore, we reverse the Board's decision to uphold the District's recommendation of non-renewal of Appellant's teaching contract and remand the case for proceedings that are in-line with statutory

---

7. The dissent contends the circuit court judge's finding that "a report and recommendation were presented" to a quorum of the Board was supported by substantial evidence in the record. Reviewing the same minutes relied upon by the circuit court judge, we do not find substantial evidence that Appellant's interests were represented before this tribunal, as due process requires.

and constitutional prescriptions. This issue being dispositive, we decline to reach the additional issues brought by Appellant. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate court need not address remaining issues when disposition of prior issue is dispositive).

**REVERSED AND REMANDED.**

BEATTY and HEARN, JJ., concur.

PLEICONES, J., dissenting in a separate opinion in which KITTREDGE, J., concurs.

Justice PLEICONES.

I respectfully dissent, and would affirm the circuit court's order.

I agree that a public school teacher must be afforded procedural due process before she can be dismissed from employment. I would hold that S.C.Code Ann. § 59–19–110 (2004) permits respondent (Board) "to designate one or more of its members to conduct any hearing in connection with any responsibility of the board and to make a report on this hearing to the board for its determination." Finally, I agree that due process entitled appellant to (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses. *E.g., In re Vora,* 354 S.C. 590, 582 S.E.2d 413 (2003). As I understand this case, appellant was afforded all these rights at her committee hearing. *See also* S.C.Code Ann. § 59–25–470 (2004).

The majority reverses the circuit court order upholding appellant's dismissal based upon a finding that the committee's oral report to the Board was inadequate to permit the Board to make a dismissal decision consonant with due process. I disagree. In *Pettiford v. South Carolina State Bd. of Educ.,* 218 S.C. 322, 62 S.E.2d 780 (1950), this Court adopted the circuit court order finding a teacher had been afforded due process before having her teaching certificate revoked. That order notes:

As pointed out by Mr. Chief Justice Wolfe, there has been considerable misconception of the doctrine announced in *Morgan v. United States,* 298 U.S. 468, 56 S.Ct. 906, 912, 80

L.Ed. 1288 [ (1936) ]. The Morgan case does not hold, as it is sometimes cited as holding, that the administrative agency which renders a decision, in a quasi-judicial proceeding, must actually hear the evidence and see the witnesses. It does hold that the administrative agency which makes the findings must address itself to the evidence, and upon the evidence before it must conscientiously reach a conclusion which it deems such evidence to justify. In announcing this rule, however, the Supreme Court of the United States, speaking through Mr. Chief Justice Hughes, says: 'This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them'.

. . . .

As I construe the doctrine, due process requires that an administrative board, or body, when acting in a quasi-judicial capacity, must consider all the evidence before rendering its decision upon any particular question. This does not mean that this administrative board, or body, must itself hear the evidence, but it must have the evidence before it, and consider such evidence when rendering its decision.

*Pettiford,* at 344–346, 62 S.E.2d at 790–791.

Here, the Board's minutes show that the Board was in executive session for twenty minutes to discuss two personnel matters before voting to uphold the hearing committee's recommendation not to renew appellant's teaching contract. The majority concludes that because there was no written transcript of the hearing at the time the Board met, that because the minutes do not use the word 'report,' and because neither appellant nor her counsel were there to represent her interests, "the Board could not have properly considered the evidence." This conclusion ignores the circuit court judge's finding that, based upon these same minutes, "a report and

recommendation were presented...." We may not overturn this factual finding which is supported by substantial evidence in the record. *E.g., Risher v. South Carolina Dep't of Health and Enviro. Control,* 393 S.C. 198, 712 S.E.2d 428 (2011) (scope of review in APA appeals).

The majority further finds that the Board's written order stating its decision was made "[a]fter considering the evidence presented and the arguments of counsel.... is a disingenuous representation of the procedure that actually took place." (emphasis removed). Unlike the majority, I have no special insight into what the Board considered during its executive session when it received the hearing committee's report, but would take it at its word that it considered both the evidence and the legal arguments.

Appellant was afforded procedural due process at her evidentiary hearing. The Board represents it considered the evidence and arguments during its executive session, at a meeting for which proper public notice was given,[8] and I, like the circuit court, accept their statement as true. *See Felder v. Charleston Cty. School Dist.,* 327 S.C. 21, 489 S.E.2d 191 (1997) ("school board members are clothed with a presumption of honesty and integrity in the discharge of their decision-making responsibilities"). I would therefore affirm the circuit court order.

KITTREDGE, J., concurs.

---

8. S.C.Code Ann. § 30–4–80 (2007). I am unaware of any special notice requirements applicable to appellant or her attorney.