**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Latoya Brown, Respondent,

v.

Dick Smith Nissan, Inc. and Old Republic Surety Company, Appellants.

Appellate Case No. 2011-183586

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2012-UP-688
Heard September 12, 2012 – Filed December 28, 2012

**REVERSED**

Joseph Gregory Studemeyer, of Columbia, for Appellants.

William T. Toal, of Johnson, Toal & Battiste, PA, of Columbia, for Respondent.

**PER CURIAM:**  This appeal arises out of a claim filed by Respondent Latoya Brown against Appellants Dick Smith Nissan, Inc. and Old Republic Surety Company (collectively "Dick Smith") under section 56-15-30(a) of the South

Carolina Code (2006) (the "Dealers Act"). On appeal, Dick Smith argues the trial court erred in finding: (1) Brown was interested in a Nissan Altima; (2) Dick Smith could not find a Nissan Altima within Brown's budget; (3) Dick Smith received $13,091.00 in approved financing on a Nissan Altima, not a Mazda 6; (4) Dick Smith violated the Dealers Act because it did not provide Brown with copies of its accounting entries to prove it had received funding on the installment contract; and (5) the Dealers Act authorizes a consumer to recover even when the consumer has been warned that abandoning the collateral will result in repossession and has received a notice to cure. We reverse.

1. As to whether Dick Smith violated the Dealers Act, we find the trial court erred in finding Dick Smith violated the Dealers Act by acting in bad faith and by treating Brown in an unfair and deceptive manner. *See Adams v. Grant*, 292 S.C. 581, 582, 358 S.E.2d 142, 143 (Ct. App. 1986) (noting an action under the Dealers Act is an action at law); *Wilder v. Blue Ribbon Taxicab Corp.*, 396 S.C. 139, 144, 719 S.E.2d 703, 706 (Ct. App. 2011) (stating in an action at law, tried without a jury, an appellate court will not disturb the trial court's findings of fact unless they are wholly unsupported by the evidence or unless it clearly appears the findings are controlled by an error of law); S.C. Code Ann. § 56-15-40(1) (2006) (noting a manufacturer or motor vehicle dealer violates the Dealers Act by engaging "in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of the parties or to the public"); *Estate of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 42-43, 664 S.E.2d 83, 88-89 (Ct. App. 2008) (defining bad faith as "[t]he opposite of good faith, generally implying or involving actual or constructive fraud, or a design to deceive or mislead another, or a neglect or refusal to [fulfill] some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive" (quoting *State v. Griffin*, 100 S.C. 331, 333, 84 S.E. 876, 877 (1915))). Here, the trial court found Dick Smith treated Brown in an unfair and deceptive manner because "Dick Smith did not take any steps to help Brown verify the financing or provide her with information so that she could speak with the appropriate person at Sovereign Bank." Giving full deference to the trial court's factual findings, Dick Smith did not engage in bad faith or treat Brown in an unfair and deceptive manner that violated the Dealers Act.[1] Furthermore, Brown testified the reason she

---

[1] Brown argues that the Sovereign Bank financing approval letter Dick Smith showed her was fraudulent. The trial court found that "[n]one of the information in the approval letter from Sovereign was correct." We recognize that the financing approval letter contained information that was puffed for the purpose of helping

brought the Mazda 6 back to the dealership was because of a letter from Sovereign Bank stating that her application for credit had been denied. Any misconceptions Brown had about her financing that caused her to leave the Mazda 6 at Dick Smith and incur damages were made by Sovereign Bank; therefore, Dick Smith did not cause Brown to incur damages. *See* S.C. Code Ann. § 56-15-40(1) (2006) (noting a manufacturer or motor vehicle dealer violates the Dealers Act by engaging "in any action which is arbitrary, in bad faith, or unconscionable and which *causes damage* to any of the parties or to the public" (emphasis added)). Based on the foregoing, we reverse the order of the trial court because Dick Smith's actions did not violate the Dealers Act as applied to Brown.

2. As to Dick Smith's remaining arguments on appeal, we decline to address the merits, as our finding that Dick Smith did not violate the Dealers Act is dispositive. *See Young v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 311, 725 S.E.2d 107, 111 (2012) (declining to address additional remaining issues when the disposition of a prior issue was dispositive of the appeal).

**REVERSED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

Brown obtain financing. However, the inaccuracies in the financing approval letter were directed at Sovereign Bank, not Brown. While we do not condone this practice, we do not believe the record supports a finding that the inaccuracies represented in the financing approval letter, as to Brown, rise to the level of bad faith, fraud, or a deceptive act in violation of the Dealers Act, or otherwise caused Brown damages. The record contains no allegation by Brown or finding by the trial court that the public, under the statute, was affected; thus, this issue is not before us.