**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vanessa Patrick, Appellant,

v.

South Carolina Department of Labor, Licensing and Regulation, State Real Estate Commission, Respondent.

Appellate Case No. 2011-203387

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

Unpublished Opinion No. 2013-UP- 250
Submitted May 1, 2013 – Filed June 19, 2013

**AFFIRMED**

Vanessa Patrick, of Prosperity, pro se.

Melina Mann, of the South Carolina Department of Labor, Licensing & Regulation, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the Administrative Law Court (ALC) erred in failing to rule on the South Carolina Department of Labor, Licensing & Regulation's (the Department's) motions to conform and in failing to investigate alleged procedural irregularities not appearing in the record: *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the [ALC] are not preserved for appellate consideration."); *Home Med. Sys., Inc. v. S.C. Dep't of Revenue*, 382 S.C. 556, 562-63, 677 S.E.2d 582, 586 (2009) (holding a motion for reconsideration pursuant to Rule 59(e), SCRCP, is required to preserve issues or arguments raised to the ALC but not ruled on).

2.  As to whether the ALC erred in failing to find the actions of the Department's attorney prejudiced Patrick: *Lee Cnty. Sch. Dist. Bd. of Trs. v. MLD Charter Sch. Acad. Planning Comm.*, 371 S.C. 561, 566, 641 S.E.2d 24, 27 (2007) ("This [c]ourt has a limited scope of review and cannot consider issues that were not raised to and ruled on by the administrative agency.").

3.  As to whether the ALC erred in finding the Real Estate Commission's (the Commission's) admission of a letter containing hearsay did not prejudice Patrick: Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *Jackson v. Speed*, 326 S.C. 289, 305, 486 S.E.2d 750, 758 (1997) ("The improper admission of hearsay is reversible error only when the admission causes prejudice."); *id.* ("Where the hearsay is merely cumulative to other evidence, its admission is harmless.").

4.  As to whether the ALC erred in finding substantial evidence supported the Commission's decision: *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 605, 670 S.E.2d 674, 676 (Ct. App. 2008) ("Substantial evidence, when considering the record as a whole, would allow reasonable minds to reach the same conclusion as the [ALC] and is more than a mere scintilla of evidence."); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence.").

5.  As to whether the ALC erred in finding Commission's decision was not arbitrary and capricious: S.C. Code Ann. § 40-1-110 (2011) (listing grounds for which a board "may cancel, fine, suspend, revoke, or restrict the authorization to practice of an individual"); S.C. Code Ann. § 40-1-120(A) (2011) (providing that

"[u]pon a determination by a board that one or more of the grounds for discipline exists, in addition to the actions the board is authorized to take pursuant to its respective licensing act, the board may:" issue a public reprimand, impose a fine, place a licensee on probation or restrict or suspend the individual's license, and permanently revoke the license); *Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 185, 332 S.E.2d 539, 541 (Ct. App. 1985) (holding an appellant's contention that the sanctions imposed by an administrative agency were arbitrary and capricious was without merit when the sanctions were within those established by law).

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.