**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Alden Bauer, III, Appellant,

v.

Beaufort County School District, Respondent.

Appellate Case No. 2016-000955

---

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity and Special
Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-329
Submitted June 1, 2018 – Filed July 18, 2018

---

**AFFIRMED**

---

John Alden Bauer, III, pro se.

David T. Duff and David Nelson Lyon, of Duff & Childs, LLC, of Columbia; and Drew Henderson Davis, of Beaufort County School District, of Beaufort, all for Respondent.

---

**PER CURIAM:** John Alden Bauer, III, appeals the circuit court order affirming the decision of the Beaufort County School District Board of Education (the Board) to terminate his employment. On appeal, Bauer argues the circuit court

erred in affirming his termination because (1) the Board terminated him without a hearing; (2) the Board failed to hold a timely hearing; (3) false documents were admitted into evidence; (4) the Board improperly weighed his decision not to testify, seventeen documents went missing, and the Board's counsel improperly influenced the Board; and (5) the Board committed "[a]dditional [v]iolations," including never issuing any charges against him and providing no evidence he was unfit to teach.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Bauer's arguments that the Board never issued any charges against him and provided no evidence he was unfit: *Felder v. Charleston Cty. Sch. Dist.*, 327 S.C. 21, 25, 489 S.E.2d 191, 193 (1997) ("Judicial review of a school board decision terminating a teacher is limited to a determination whether it is supported by substantial evidence.  The court cannot substitute its judgment for that of the school board."); *Laws v. Richland Cty. Sch. Dist. No. 1*, 270 S.C. 492, 495-96, 243 S.E.2d 192, 193 (1978) ("[]Substantial evidence[] is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.").

2. As to Bauer's remaining arguments: *Lee Cty. Sch. Dist. Bd. of Trs. v. MLD Charter Sch. Acad. Planning Comm.*, 371 S.C. 561, 566, 641 S.E.2d 24, 27 (2007) (holding that issues "not raised to and ruled on by the administrative agency" are not preserved for appellate review).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.