**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Ceo, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2022-000180

———

Appeal From The Administrative Law Court
Robert Lawrence Reibold, Administrative Law Judge

———

Unpublished Opinion No. 2023-UP-328
Submitted September 1, 2023 – Filed October 11, 2023

———

**AFFIRMED**

———

Ronald Ceo, pro se.

Kensey Evans, of the South Carolina Department of Corrections, of Columbia, for Respondent.

———

**PER CURIAM:** Inmate Ronald Ceo, pro se, appeals an order issued by the Administrative Law Court (ALC) affirming the disposition by the South Carolina Department of Corrections (SCDC) of his grievances concerning the application of good time credits and earned work credits toward the reduction of his sentence of thirty-five years for a "no parole offense." Ceo argues (1) the ALC erred in finding he was not entitled to a reduction in his sentence as a result of good time and earned work credits that he accrued during his incarceration and (2) this finding

amounted to a violation of a state-created liberty interest under the due process clause of the United States Constitution. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC correctly upheld SCDC's disposition of Ceo's grievance. *See* S.C. Code Ann. § 24-13-150(A) (Supp. 2022) (stating an inmate convicted of a no parole offense and sentenced to the custody of SCDC is not eligible for early release, discharge, or community supervision until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed); S.C. Code Ann. § 24-13-210(B) (Supp. 2022) (permitting an inmate to earn three days of good time credit per month but not allowing an inmate's sentence to be reduced below the minimum term of incarceration); S.C. Code Ann. § 24-13-230(B) (2007) (allowing an inmate to earn six days of work credits per month but not allowing an inmate's sentence to be reduced to below the minimum term of incarceration). We also hold SCDC's findings were adequately specific to explain its "rationale in sufficient detail to afford judicial review" because SCDC explained to Ceo that the information he received regarding his good time credits was incorrect and he was earning good time credits at the proper rate for an inmate convicted of a no parole offense. *See Porter v. S.C. Pub. Serv. Comm'n*, 333 S.C. 12, 22 n.3, 507 S.E.2d 328, 333 n.3 (1998) (stating an administrative agency is required "to make specific findings of fact and explain its rationale in sufficient detail to afford judicial review"); *id.* at 20, 507 S.E.2d at 332 (stating the findings of an administrative agency are presumptively correct, and the party challenging such a finding "bears the burden of convincingly proving that the decision is clearly erroneous, or arbitrary or capricious, or an abuse of discretion, in view of the substantial evidence on the whole record"); *see also Lee Cnty. Sch. Dist. Bd. of Trustees v. MLD Charter Sch. Acad. Planning Comm.*, 371 S.C. 561, 567 n.1, 641 S.E.2d 24, 28 n.1 (2007) (stating the rule regarding the burden of a party challenging an administrative finding is "applicable to all administrative agencies"). Therefore, we hold the ALC properly upheld SCDC's final agency decision because Ceo failed to show SCDC's disposition of his grievance was "clearly erroneous, or arbitrary or capricious, or an abuse of discretion, in view of the substantial evidence on the whole record." *Porter*, 333 S.C. at 20, 507 S.E.2d at 332.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.